379 So.2d 468 (1980)
Carol J. ANDRUS, Appellant,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, DIVISION OF EMPLOYMENT SECURITY, Appellee.
No. 79-692.
District Court of Appeal of Florida, Fourth District.
February 6, 1980.
*469 Carol J. Andrus, in pro. per.
James R. Parks, Gen. Counsel, and Charles E. Patterson, Jr., Staff Atty., Tallahassee, for appellee.
HERSEY, Judge.
Appellant brings this appeal from an order of the Unemployment Appeals Commission which affirmed a decision of an Appeals Referee determining that appellant was ineligible for unemployment compensation benefits, pursuant to Section 443.05(1)(c)1, Florida Statutes (1977), from April 23, 1978 through October 30, 1978.
Appellant became unemployed in February of 1978. It appears that she filed the necessary documents with appropriate funds to renew her license to practice as a registered nurse in the State of Florida as required by the State Board of Nursing, but through inadvertence, the nature of which is unexplained by the record, her license was revoked on March 31, 1978, and was not renewed until October 30, 1978.
Testifying before the Appeals Referee, appellant indicated that perhaps her application and check were lost in the mails, but that in any event, the technical lack of a license had not been an issue in her quest for employment. However, while there may have been much said at the hearing about this license problem, the Referee clearly based the ineligibility on the fact that the appellant had failed to make an active and unrestrictive search for suitable employment and that her efforts to do so were only "token in nature."
Appellant's brief, filed in propria persona claims error in two respects which we deem worthy of consideration:
1. The denial of her request for a "second oral argument" and the opportunity to present "substantiating evidence" to confirm that she made an active, unrestrictive search for work; and
2. The finding that appellant did not make an adequate and unrestrictive search for work.
Appellant's first point is one of due process; that is to say, whether she was given adequate notice that she would be required to give testimony and present any documentary evidence at the time and place scheduled for the hearing before the Appeals Referee.
"Due process of law requires either proper notice of the issues to be heard or a basis in the record to show an informed and intelligent waiver of the same." Lewis v. Hot Shoppes, 211 So.2d 20, 21 (Fla. 4th DCA 1968). Appellant was advised of the hearing *470 before the Appeals Referee by a form which called her attention to the fact that one of the issues to be heard was whether appellant was able and available for work. The form provided:
ABLE AND AVAILABLE FOR WORK: Whether claimant has been able to work and available for work, as provided in Section 443.05(1)(c)1.2, Florida Statutes. (Hearing may cover the entire claim period. The Courts have ruled that "available for work" means the claimant must be actively seeking and applying for employment. Testimony will be taken on your search for work.)
We find this notice sufficient for purposes of due process, in that appellant was clearly alerted to the fact that she was required to show that she had been actively seeking and applying for employment.
Appellant's second point on appeal questions the finding that she was not, during the period in question, able to work and available for work. We point out at the outset that the credibility of appellant's testimony was a matter for the Appeals Referee to determine. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). This Court will not disturb the action of the Unemployment Appeals Commission unless there is a lack of competent substantial evidence in the record to support that action. In DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla. 1957), our Supreme Court defined the term "competent substantial evidence" as follows:
We have used the term "competent substantial evidence" advisedly. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. In employing the adjective "competent" to modify the word "substantial", we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the "substantial" evidence should also be "competent". (Citations omitted).
We are then confronted with the question of whether or not there is competent, substantial evidence to support the finding that appellant was not able and available for work.
The term "availability" was discussed in McCormick v. Henry Koerber, Inc., 252 So.2d 599, 601 (Fla. 1st DCA 1971), as follows:
In the administration of the unemployment compensation law, it is fundamental that before one may become eligible for benefits he must be available for the work he is qualified to perform. Such a person must place himself in the normal labor market free of any restrictions which would unduly impair his availability for work, whether self-imposed or otherwise. One seeking employment must assume the responsibility of managing his personal affairs in such a manner as will enable him to reasonably comply with the conditions of the work he seeks. If he fails to discharge this responsibility, it cannot be said that he is available for work in the usual commercial sense.
Reviewing the record we find competent, substantial evidence to suggest that the appellant failed to make an active and unrestrictive search for suitable work and that her efforts to do so were only token in nature. This being so, she did not place herself in the normal labor market and therefore was not available for work.
AFFIRMED.
LETTS and BERANEK, JJ., concur.