431 So.2d 739 (1983)
Ramon VAZQUEZ, Appellant,
v.
GFC BUILDERS CORPORATION and Unemployment Appeals Commission, Appellees.
No. 82-1745.
District Court of Appeal of Florida, Fourth District.
May 25, 1983.
*740 Luis E. Rojas, Hialeah, for appellant.
John D. Maher, Tallahassee, for appellee/Commission.
WALDEN, Judge.
Ramon Vazquez was denied unemployment benefits by the Unemployment Appeals Commission. Vazquez appeals. We reverse.
Vazquez was discharged from his employment by his employer, GFC Builders, when he, Vazquez, refused to perform lawn maintenance services unless he was given additional compensation.
More facts are needed and these are uncontradicted. Vazquez was hired as a janitor/painter/maintenance man, in January, 1980, by GFC Builders. At the time of employment he was specifically told that he would not be required to perform lawn maintenance services as GFC Builders had employed an outside firm to perform that function and, indeed, the Appeals Referee so found: "Upon hire, the claimant was informed that he would not be required to perform lawn maintenance services as the employer had engaged an outside company for that purpose." Regardless, in February, 1982, Vazquez was told by his employer that thereafter he would be required to maintain the lawns at the employer's three condominiums. The outside lawn maintenance company had been discontinued due to economic conditions, according to GFC Builders. Vazquez agreed to do the additional work if he was given additional compensation, which request the employer denied.[1]
The Referee's Report, which was approved by the Unemployment Appeals Commission, denied benefits to Vazquez based on these Conclusions of Law:
"Misconduct connected with work" means conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of its employee.
The evidence in the instant case clearly shows that the claimant was discharged on February 5, 1982, for refusing to perform a required service without increase in wages. Considering the fact that the claimant would be given a power lawn-mower to perform the service, such cannot be considered as an unreasonable assignment. This is further evidenced by the claimant's willingness to accept the assignment if given an increase in wages. It is at the discretion of the employer to determine whether or not an increase in wages should be provided for employees. The claimant's refusal to accept the assignment without an increase in wages constitutes misconduct within the meaning of the law. Therefore, it must be concluded that the claimant was discharged for misconduct connected with his work.
The basic question or issue in this appeal is whether Vazquez was guilty of misconduct connected with work. We think not.
*741 The standards of review are well known, being statutorily provided and often treated in appellate decisions, and so will not be repeated.
The legal misconduct which was attributed to Vazquez was recited in the Referee's Report and is found in Section 443.101(1)(c), Florida Statutes (1981).
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; [emphasis added]
We hold that the fact that Vazquez was unequivocably told at the time of his employment that he would not be required to perform lawn maintenance work effectively eliminated any right on the part of the employer to expect or demand that Vazquez perform such additional services without additional compensation upon penalty of discharge and loss of his entitlement to unemployment compensation. It would be indeed an anomaly for GFC Builders on the one hand to tell Vazquez that he wouldn't have to mow lawns and on the other hand say his refusal to do so violated standards of behavior which the employer had the right to expect of his employee. If anything, the employer's statement established a standard of behavior which Vazquez had the right to expect of his employer, i.e., that he wouldn't be required to mow lawns  at least without additional compensation.
In making our determination we rely upon Sewell v. Sharp, 102 So.2d 259 (La. App. 2d Cir.1958) where it was held, "In determining, however, what constitutes misconduct, the standard to be applied is that of the employment contract, expressed or implied, which fixes the worker's duties in connection with his work, viewed in the light of the employer's duties, responsibilities, and obligations to the employee." See also Lux v. Unemployment Compensation Board of Review, 180 Pa.Super. 90, 118 A.2d 231 (1955). See generally 81 C.J.S. Social Security § 222b. Further, in Brennan v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, 17 Pa.Commw. 569, 333 A.2d 794 (1975) it was stated, "Where the refusal is of additional work, the pivitol determination is whether the additional assignment is a reasonable one, i.e. of such a nature that in the context of a claimant's primary job his employer could reasonable expect him to complete it."
We do not wish to be understood as saying that an employer cannot add to, subtract from, or change an employee's work assignments. Indeed this is common and permissible so long as the duties and requirements are reasonable, within the ambit of the position for which the employee is hired, and applied to all employees without discrimination. We agree that in such instance where a change of duties is made and the employee refuses to perform, the employee is guilty of misconduct which is sufficient to relieve the employer of liability for unemployment benefits. Davis v. Unemployment Appeals Commission, 425 So.2d 198 (Fla. 5th DCA 1983). See generally 81 C.J.S. Social Security § 224. However, if there is a positive understanding at the outset, as in the case of Vazquez, that an employee will not be required to perform a certain task, we hold that the employer cannot renege on the understanding and, based thereon, charge the employee with misconduct.
We reverse and remand with instructions to grant unemployment benefits to appellant.
Reversed and remanded.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] To get this somewhat unfortunate matter in more particular focus, the record reveals that the employer's budget for 1982 allocated annually the sum of $5,400.00 per building or $16,200.00 for three buildings to M & P Lawn Service, the outside company. The amount of additional compensation sought by Vazquez for maintaining the lawns was $.25 per hour. Vazquez' beginning hourly pay was $4.25 and ending pay was $5.50 per hour.