444 So.2d 518 (1984)
Carlin W. LANGLEY, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. AR-82.
District Court of Appeal of Florida, First District.
January 20, 1984.
Carlin W. Langley, pro se.
Norman A. Blessing, Tallahassee, for appellee.
SHIVERS, Judge.
Langley appeals the order of the Unemployment Appeals Commission denying him unemployment compensation benefits. At issue is whether Langley's actions amount to misconduct so as to disqualify him from receiving such benefits.
Langley was pastry chef at Amelia Island Plantation. He left that employment and began a job as pastry chef at the Ramada Inn in Casper, Wyoming. After working there for two months, he was fired on or about August 10, 1982. Langley then filed his interstate claim for unemployment benefits.
The claims adjudicator for the Bureau of Unemployment Compensation, after consideration of Langley's claim and Ramada Inn's protest of same, concluded Langley was eligible for benefits, finding that he was discharged from Ramada Inn, not for *519 misconduct, but for failure to meet the quality standards of his job.
Ramada Inn appealed. At the request of Florida authorities, a Wyoming appeals examiner held a hearing where Langley as well as representatives of the Ramada Inn were present.
The Florida appeals referee, who did not attend the hearing, made findings of fact and conclusions of law based on a tape recording of the hearing which the Wyoming examiner sent to Florida. The appeals referee determined that Langley was discharged for misconduct and disqualified from drawing unemployment compensation benefits. The Unemployment Appeals Commission, with one of the three members dissenting, found the referee's decision in accord with the essential requirements of law and affirmed it.
Although we are in as good a position as the appeals referee to evaluate the credibility of the witnesses since the appeals referee did not attend the hearing, we see no need to substitute our judgment for that of the appeals referee on his Findings of Fact. The appeals referee's Findings of Fact show that Langley is entitled to unemployment benefits and that the initial claims adjudicator was correct.
The appeals referee's Findings of Fact, in their entirety, are as follows:
FINDINGS OF FACT: The claimant is a pastry chef. He moved to Casper, Wyoming, to work as a pastry chef for a large hotel/restaurant complex. He was brought there to upgrade the pastry and desserts. It was desired that danish and other pastries not be frozen. The manager and executive chef desired fresh baked products. They wanted to avoid as many premixes as possible and make the majority of products from the beginning (from scratch). The claimant is well educated as a pastry chef and is quality orientated but does not appear to work as fast as desired. He desired more help and the employer did not feel that he could provide additional personnel for his operation. As such he began freezing more products. He would bake a large amount and freeze some for later periods. The hotel felt that he was failing to meet their quality standards. Irritation between the manager and the claimant grew and the final problem came up relative to some samples that the general manager desired. There was to be a large banquet and the general manager was concerned over the entire program. He desired a number of dessert samples to be submitted to him for his selection. The day before the selection, the claimant's father-in-law became ill and was placed in the hospital. This threw the claimant behind in all of his work and he decided that only three samples were necessary which were below the amount which had been desired by the general manager. He later submitted two more samples from the pastry cart of that evening. He also felt that since the banquet was not immediate that the desires of the general manager for these samples was not so pressing and that it could hold off until a later time. The manager felt that this was not what he wanted and that the claimant was not performing to his expectations. He was advised in this by the executive chef who was a witness to the hearing.
The decision of the appeals referee denying Langley unemployment benefits based on these findings of fact departs from the essential requirements of law and the Commission erred in affirming it.
Misconduct is defined by Section 443.036(24), Florida Statutes (Supp. 1982):
(24) MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial *520 disregard of the employer's interests or of the employee's duties and obligations to his employer.
In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment compensation benefits, the statute should be liberally construed in favor of the claimant:
Discharge "for misconduct connected with his work" will disqualify a claimant, but in determining whether such a disqualification has occurred, the statute should be liberally construed in favor of the claimant for whose benefit it exists.
Spaulding v. Florida Industrial Commission, 154 So.2d 334, 339 (Fla. 3d DCA 1963). The Unemployment Compensation Law is remedial in nature and thus must be liberally construed to effect its beneficent purposes such that its disqualification provisions must be narrowly construed. St. Joe Paper Co. v. Gautreaux, 180 So.2d 668 (Fla. 1st DCA 1965).
Langley had good cause for not fully complying with the manager's request for dessert samples in that his father-in-law had just suffered a heart attack. The appeals referee found this noncompliance showed an intentional and substantial disregard for the employer's interests. The findings of fact do not reach this level or support this conclusion. Langley did work some on Monday and Tuesday following the heart attack. He also prepared some dessert samples. A family emergency can excuse not coming to work at all. See Tucker v. Florida Dept. of Commerce, 366 So.2d 845 (Fla. 1st DCA 1979) and Williams v. Florida Industrial Commission, 135 So.2d 435 (Fla. 3d DCA 1961).
Langley's actions were not misconduct within the intended meaning of Section 443.036(24), Florida Statutes, as to bar him from receiving unemployment benefits.
REVERSED and REMANDED.
ZEHMER, J., concurs.
MILLS, J., dissents with opinion.
MILLS, Judge, dissenting:
I dissent. I would affirm.
The record shows that Langley repeatedly failed to perform his job duties satisfactorily. There is competent substantial evidence in the record to support the referee's finding that Langley was discharged for "misconduct" within the meaning of Section 443.036(24)(b), Florida Statutes (1981).