478 So.2d 1183 (1985)
KRAFT, INCORPORATED, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 85-737.
District Court of Appeal of Florida, Second District.
November 27, 1985.
Thomas J. Sherwood, Tampa, for appellant.
Geri Atkinson-Hazelton, Gen. Counsel, and John L. Briscoe, Unemployment Appeals Com'n, Tallahassee, for appellee.
LEHAN, Judge.
Kraft, Inc. appeals from a determination that a former employee is entitled to unemployment compensation benefits. We reverse.
The employee, Leslie Cox, had worked at Kraft's warehouse since 1974. During his last three years there, he worked the night shift in the freezer, moving and removing cartons to make up orders for delivery to customers. During most of those three years, the large blowers in the freezer were turned off at night. However, in September, 1984, supervisory personnel at the warehouse were instructed to leave the blowers on at all times. Cox complained about the chill factor that this created. The employer agreed to hire someone else to do the work in the freezer, but required Cox to train the new person and also to continue to work in the freezer when needed.
On October 25th, Cox was needed to work the full shift in the freezer. The next day he repeated his complaints about the chill factor. He was told that if he got a doctor's statement that he was unable to work in the freezer, the company would honor that request. Cox would not get a doctor's statement. Cox left his employment on that day. Although some of the evidence indicates that Cox quit, the hearing officer found that Cox was discharged from his employment.
When Cox applied for unemployment compensation benefits, the claims examiner denied the application on the grounds that Cox was discharged for misconduct connected with his work. A hearing was conducted, and the appeals referee affirmed the denial of benefits.
Upon further appeal, however, the Unemployment Appeals Commission reversed that decision. The Commission agreed with the findings of fact made by the appeals referee but concluded that Cox's "intolerance for the cold provided him with a *1184 justifiable reason to reject the material alterations in his working conditions."
We disagree and find no basis in the record for that conclusion under applicable law. Reasonableness is the standard used to determine whether an employee's refusal to do extra or different work constitutes misconduct which would disqualify the employee for benefits as defined in section 443.036(24)(a), Florida Statutes (1983). A change in an employee's work assignment is permissible as long as the duties are "reasonable" and "within the ambit of the position for which the employee is hired... ." Vazquez v. GFC Builders Corp., 431 So.2d 739, 741 (Fla. 4th DCA 1983). Working conditions not to an employee's liking are not sufficient reasons for quitting unless "the conditions constitute unfair or unreasonable demands upon a claimant such that a reasonably prudent person would leave." Sollecito v. Hollywood Lincoln Mercury, Inc., 450 So.2d 928, 930 (Fla. 4th DCA 1984).
In this case there was no showing of a medical reason preventing Cox from working in the freezer or that the conditions were harmful to his health. There was evidence that other people worked in the freezer with the blowers on, both at this warehouse and at other Kraft warehouses. While the cold temperature might not have been to Cox's liking, the record does not support a conclusion that a reasonably prudent person would have refused to work in the freezer. The record supports the appeals referee's decision that Cox's refusal to work in the freezer was misconduct.
Reversed.
RYDER, C.J., and SCHOONOVER, J., concur.