495 So.2d 244 (1986)
NATIONAL INSURANCE SERVICES, INC., Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Janice A. Davis, Appellees.
NATIONAL INSURANCE SERVICES, INC., Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION AND RUBY D. MURRAY, Appellees.
Nos. 85-2145, 85-2146.
District Court of Appeal of Florida, Second District.
September 26, 1986.
*245 Joseph A. O'Friel and Daniel D. Whitaker of Barnett, Bolt & Russo, Tampa, for appellant.
Janet L. Smith, Tallahassee, for appellee Florida Unemployment Appeals Comn.
RYDER, Judge.
National Insurance Services is an insurance claims processing firm. Murray and Davis were employed by National as claims examiners in its claims department. National provided a small coffee area for the use of the employees in the claims department. In order to maintain the cleanliness of the coffee area, National instituted a rotational schedule requiring each of the approximately forty-five employees in the claims department to take turns cleaning the area. The rotational schedule included management in the claims department, and the duties involved wiping down the table and cleaning the coffee pots and machine. Because of the number of employees in the department, each employee's turn to clean up would come once every two to two and one-half months.
Davis and Murray refused to participate in the assigned cleanup duties. They notified their supervisor and informed her that they did not use the facilities and they did not think they should be required to clean up the area. Their supervisor explained that everyone was required to clean the coffee area, and further informed them that their refusal to comply with the employer's directive in this regard would be considered insubordination and would result in their termination. Davis and Murray were discharged on March 4, 1985.
Davis and Murray submitted claims for employment compensation to the Florida Department of Labor and Employment Security, and were granted benefits by the claims examiner. After being notified to that effect, National filed its notice of appeal with the Unemployment Compensation Appeals Bureau. After a full evidentiary hearing, the appeals referee reversed the claims examiner's initial determination of eligibility and concluded that Davis' and Murray's refusal to comply with National's rules constituted "misconduct connected with work." Davis and Murray appealed the decision of the referee to the Florida Unemployment Appeals Commission. The Commission reversed the referee's decision and held that the decision was not in accord with applicable law. National filed these appeals which were consolidated. We reverse.
Both sides were present at the full evidentiary hearing before the appeals referee. The referee's decision comes to the Unemployment Appeals Commission clothed with the same presumptions with which this court attires a trial court's final judgment:
If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer's role to decide the issue one way or the other. The agency may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the *246 evidence to fit its desired ultimate conclusion.
Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281-82 (Fla. 3d DCA 1985). We hold that the Commission erred in holding that the appeals referee's decision was not in accord with applicable law.
The applicable law is:
[A]n employer ... [can] change an employee's work assignments ... so long as the duties and requirements are reasonable, within the ambit of the position for which the employee is hired, and applied to all employees without discrimination. We agree that in such instance where a change of duties is made and the employee refuses to perform, the employee is guilty of misconduct which is sufficient to relieve the employer of liability for unemployment benefits.
Vazquez v. GFC Builders Corp., 431 So.2d 739, 741 (Fla. 4th DCA 1983). Alternatively stated, "[e]mployees may only leave because of working conditions where the conditions constitute unfair or unreasonable demands upon a claimant such that a reasonably prudent person would leave." Sollecito v. Hollywood Lincoln Mercury, Inc., 450 So.2d 928, 930 (Fla. 4th DCA 1984). Kraft, Inc. v. State, Unemployment Appeals Commission, 478 So.2d 1183, 1184 (Fla. 2d DCA 1985).
The appeals referee specifically found that "it has not been shown under the circumstances presented that the employer's policies were unreasonable... ." In addition, the record reflects that all employees (including management) were required to clean up the coffee area. The policy was applied to all employees without discrimination. Implicit in the appeals referee's decision is a finding that National made a request that reasonable duties be performed, and that Davis' and Murray's refusal to perform constituted misconduct. Such is clearly the proper application of the law.
We reverse and remand with instructions that the Florida Unemployment Appeals Commission reinstate the decision of the appeals referee.
Reversed and remanded.
GRIMES, A.C.J., and LEHAN, J., concur.