587 So.2d 494 (1991)
PANAMA CITY HOUSING AUTHORITY, Appellant,
v.
Ann SOWBY, and Florida Unemployment Appeals Commission, Appellee.
No. 90-2609.
District Court of Appeal of Florida, First District.
September 6, 1991.
Rehearing Denied November 14, 1991.
*495 J. Lofton Westmoreland of Moore, Hill & Westmoreland, P.A., Pensacola, for appellant.
Emily L. Dowdy, Panama City, for appellee.
JOANOS, Chief Judge.
The Panama City Housing Authority (Authority) appeals an order of the Unemployment Appeals Commission (Commission) affirming an appeals referee's decision to grant unemployment compensation benefits to Ann Sowby, former Authority employee. The issues for review are (1) the determination by the appeals referee that Mrs. Sowby was not discharged for misconduct connected with her work, and thus should not be disqualified from receiving unemployment benefits; and (2) the Commission's exclusion of allegedly newly discovered evidence. We affirm.
The record reflects that Mrs. Sowby had been employed by the Authority from February 1977 until her discharge on September 30, 1989. At the time of her discharge, she held the position of assistant director. The reason for Mrs. Sowby's discharge was an allegation of a conflict of interest occurring from February 1, 1986, until April 27, 1987. During that time period, Mrs. Sowby's mother made an application for a federal rent subsidy through the Authority. A certificate of eligibility was issued to Mrs. Sowby's mother, authorizing her to select appropriate housing anywhere in the community, from a landlord willing to rent through the Section 8 (rent subsidy) Program. Mrs. Sowby's mother rented a cottage owned by Mrs. Sowby and her husband, and located adjacent to their house. Mrs. Sowby's daughter was listed as the landlord, and received the rent from her grandmother, in the same manner as she had received the income from prior unsubsidized rentals of the property.
*496 The unrefuted testimony of Mrs. Sowby and that of a former board member of the Authority, established that everyone in the agency, including the executive director, knew the circumstances surrounding rental assistance to Mrs. Sowby's mother. In addition, it was common knowledge among Authority staff members that Mrs. Sowby's mother was renting a cottage owned by Mrs. Sowby. Further, unrefuted testimony indicated that the executive director (Mrs. Sowby's supervisor) suggested Mrs. Sowby's cottage as an appropriate rental unit for her mother.
Housing Authority assistance to Mrs. Sowby's mother terminated in May 1987. At that time, a staff member reported to the executive director that Mrs. Sowby had prepared the paperwork involved in her mother's application. The executive director expressed her intention to investigate the matter, but took no action for more than a month. The executive director's failure to clarify the matter caused Mrs. Sowby some anxiety. When she explained the situation to her mother, her mother removed herself from the rental assistance program.
Nothing more was said about the matter from May 1987, when Mrs. Sowby's mother voluntarily removed herself from the program, until June 1989. At that time, the executive director took the file concerning Mrs. Sowby's mother to the board's attorney and advised the board members that Mrs. Sowby had violated the regulations. Mrs. Sowby testified that the reason for the executive director's action was her anger with Mrs. Sowby, who had taken complaints made by two Section 8 Program managers to the board.[1]
The appeals referee concluded there was no rational relationship between Mrs. Sowby's actions in 1986 and 1987, and her discharge in September 1989. The referee deemed this to be especially true, since the evidence at the hearing established that the employer was fully informed as to Mrs. Sowby's involvement in the processing of her mother's application for rental assistance, but took no action. Therefore, the appeals referee determined that Mrs. Sowby's discharge from her employment was not for misconduct connected with work, and that she should not be disqualified from receiving benefits.
The Authority sought review of the referee's decision, proffering newly discovered evidence.[2] The Unemployment Appeals Commission rejected the proffered evidence as not comporting with Florida Administrative Code Rule 38E-3.005. Finding the decision of the appeals referee in accord with the essential requirements of law, the Commission affirmed.
The first issue concerns the nature of misconduct which will disqualify one from entitlement to unemployment compensation benefits. Under the provisions of section 443.101(1)(a), Florida Statutes (1989),
An individual shall be disqualified for benefits:
(1)(a) For the week in which he has voluntarily left his work without good cause attributable to his employing unit or in which he has been discharged by his employing unit for misconduct connected with his work, if so found by the division. (Emphasis supplied.)
The term "misconduct" is defined at section 443.036(26), Florida Statutes (1989), which provides:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other: (a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which *497 the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
It is an established principle that "[i]n determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment compensation benefits, the statute should be liberally construed in favor of the claimant." Langley v. Unemployment Appeals Commission, 444 So.2d 518, 520 (Fla. 1st DCA 1984). This is because the unemployment compensation statute is remedial in nature. § 443.031, Fla. Stat. (1989); Gulf County School Board v. Washington, 567 So.2d 420 (Fla. 1990). Concomitantly, to effect the statute's beneficial purposes, the disqualifying provisions must be narrowly construed. Langley, 444 So.2d at 520; St. Joe Paper Co. v. Gautreaux, 180 So.2d 668, 674 (Fla. 1st DCA 1965); Hummer v. Unemployment Appeals Commission, 573 So.2d 135, 137 (Fla. 5th DCA 1991).
In reviewing whether the record contains competent substantial evidence to support the referee's findings, the court cannot make credibility determinations or substitute its judgment for that of the referee. State Dept. of General Services v. English, 534 So.2d 726, 728 (Fla. 1st DCA 1988). In English, the employer contended the claimant was dismissed for problem drinking. The claimant testified that although he received a letter stating he was discharged for problem drinking, he did not have such problem at the time he was terminated. The claimant further testified that he was told he would be fired if he filed a grievance based on his failure to get a promotion. He filed the grievance, and was fired. The appeals referee expressly found the claimant's testimony to be credible and worthy of belief. The court found that although claimant's testimony was disputed by other witnesses, it was competent substantial evidence that the alleged misconduct did not occur. Since the court could not rule on the credibility of witnesses and substitute its judgment for that of the referee, the court deemed the record contained the requisite competent substantial evidence to support the referee's findings. See also Shackleton v. Florida Unemployment Appeals Commission, 534 So.2d 753 (Fla. 1st DCA 1988); Lewis v. Unemployment Appeals Commission, 473 So.2d 6, 7 (Fla. 1st DCA 1985).
The instant case is somewhat analogous to English. The record in this case includes evidence that the executive director during the relevant time period, not only knew that Mrs. Sowby's mother had been qualified for the rent subsidy program, but suggested that Mrs. Sowby's mother should rent the cottage owned by Mrs. Sowby and her husband. This testimony was corroborated in part by testimony of a former board member and two employees of the Authority. In response to the referee's questions, Mrs. Sowby stated that she was discharged two years after the occurrence of the alleged conflict of interest because she, in effect, "blew the whistle" on the executive director. This testimony was consistent with that of other witnesses, and went unrefuted by the employer. In short, the record contains ample competent substantial evidence to support the referee's conclusion that Mrs. Sowby was not discharged for misconduct connected with her work.
The employer's contention, predicated primarily on section 421.06, Florida Statutes, that the referee's application of the law to the facts was fatally flawed, is analogous to the argument advanced in English that the section 443.036 definition of misconduct adopted the definition of misconduct used in the career service system. The court disagreed, finding that while the sole discretion to dismiss an employee rests with the agency, in accordance with certain statutorily enumerated grounds, an employee is disqualified from receiving benefits only if his discharge has been "for misconduct connected with his work, if so found by the division." (Emphasis *498 supplied.) § 443.101(1)(a), Fla. Stat. (1989); English, 534 So.2d at 729.
Thus, contrary to the Authority's contention, the statute requires a nexus between the alleged misconduct and the termination of employment, if a discharged employee is to be disqualified from receipt of unemployment compensation benefits. § 443.101(1)(a), Fla. Stat. (1989). Moreover, the section 443.101(1)(a) provision that disqualification will occur for discharge due to "misconduct connected with ... work," expressly states that the work nexus must be "found by the division." In other words, the employer's opinion that the discharge was for misconduct "does not necessarily demonstrate the existence of misconduct contemplated by section 443.036(24)." English, 534 So.2d at 729. See also Pallas v. Unemployment Appeals Commission, 578 So.2d 487 (Fla. 5th DCA 1991); General Asphalt Company, Inc., 563 So.2d 803 (Fla. 3d DCA 1990).
The second issue concerns the Commission's refusal to accept into evidence the notice to Mrs. Sowby that limited sanctions were being imposed due to her involvement in obtaining rental assistance for her mother. Pursuant to Florida Administrative Code Rule 38E-3.005, the Commission may consider "newly discovered evidence, which by due diligence could not have been discovered in time for the presentation at the hearing before the Appeals Referee, [and] ... the requesting party shall demonstrate that the evidence is material to the outcome of the case and that it could not have been discovered prior to the hearing by an exercise of due diligence." (Emphasis supplied.)
We find no error in the Commission's rejection of the proffered evidence. Although it is clear that the sanction letter could not have been discovered prior to the hearing, the evidence fails the test of materiality to the outcome. While this evidence lends credence to the Authority's decision to discharge Mrs. Sowby, it does not add anything further to establish that her discharge was connected with work. Similarly, we find no error in the Commission's acceptance of the appeals referee's conclusion that Mrs. Sowby's discharge was not due to misconduct connected with work.
Accordingly, the Commission's order is affirmed in all respects.
SMITH and BARFIELD, JJ., concur.
NOTES
[1] The program managers had complained that the executive director had been pressuring them to put Section 8 tenants into tax credit rental units owned by a friend and colleague of the executive director. A subsequent investigation of the executive director's activities resulted in an official reprimand of the executive director.
[2] This newly discovered evidence was a Notice of Limited Denial of Participation from the Department of Housing and Urban Development, notifying Mrs. Sowby that her conduct in approving a lease of a rental unit owned by Mrs. Sowby and her husband to her mother, constituted cause for the sanction.