609 So.2d 143 (1992)
Susan MAYNARD, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Neighborhood Variety Stores, Inc., d/b/a Ben Franklin Crafts, Appellees.
No. 91-3407.
District Court of Appeal of Florida, Fourth District.
December 2, 1992.
*144 Susan Maynard, Lake Worth, pro se appellant.
William T. Moore, Tallahassee, for appellee  Florida Unemployment Appeals Com'n.
PER CURIAM.
Susan A. Maynard appeals an order denying her application for unemployment compensation benefits rendered by the Florida Unemployment Appeals Commission. We reverse.
When appellant was discharged from her employment, she applied for unemployment compensation benefits. The Florida Department of Labor and Employment Security, Division of Unemployment Compensation, determined that appellant was discharged for reasons other than misconduct connected with her work and granted her compensation benefits. Her employer appealed, and the Division's appeals referee, after hearing, confirmed the award of benefits. The appeals referee made the following specific findings: (1) Maynard was terminated after she refused to accept a change in her work schedule or accept another lower-paying position; (2) the new work schedule varied significantly from the previous schedules which Maynard had worked; (3) the employer made no attempt to adjust Maynard's schedule, nor did he offer another position which afforded a similar work schedule with comparable pay; and, (4) that at the time of her hiring, the employer expressly told Maynard that she would work daytime hours. Based on these findings, the referee came to the legal conclusion that Maynard was terminated for reasons other than misconduct connected with her work.
The employer then appealed to the Unemployment Appeals Commission (UAC) which found, based on the foregoing facts, that the determination by the appeals referee was not in accord with the law and reversed, denying appellant her unemployment compensation.
The UAC's standard of review of the appeals referee's decision is whether *145 the referee's findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were based complied with the essential requirements of the law. Alles v. Dep't of Professional Regulation, 423 So.2d 624, 625-26 (Fla. 5th DCA 1982).
While an agency may reject conclusions of law without limitation, neither an administrative agency nor a reviewing court may reject an administrative hearing officer's findings of fact, as long as those findings are supported by competent, substantial evidence in the record. See, e.g., Alles; Andrus v. Fla. Dep't of Labor and Employment Sec., 379 So.2d 468, 470 (Fla. 4th DCA 1980) (appellate court should not disturb the action of the UAC unless there is a lack of competent, substantial evidence to support that action); Continental Baking Co. v. Vilchez, 219 So.2d 733, 734 (Fla. 2d DCA 1969) (if there is sufficient competent, substantial evidence to support the appeals referee, appellate court may not reverse). Nor may the commission reject a finding which is substantially one of fact simply by treating it as a legal conclusion. Greseth v. Dept. of Health & Rehab. Serv., 573 So.2d 1004, 1006-07 (Fla. 4th DCA 1991).
Furthermore, the credibility of witnesses and testimony is a matter which falls solely within the purview of the appeals referee as finder of fact. Andrus, 379 So.2d at 470. This court cannot reweigh the evidence that the appeals referee considered in the case, and neither may the UAC; and as long as there is competent substantial evidence in the record and the referee conducted the proceedings complying with the essential requirements of the law, both should affirm the referee's decision.
In the instant case, Maynard was discharged because of her reluctance to work a different work schedule than she previously worked. The appeals referee made the finding that the new schedule varied substantially from the previous one and that the employer did not give Maynard a viable alternative. However, the UAC made the finding that the new schedule did not vary substantially from the previous one, and that Maynard in fact had accepted work schedule changes previously that included night and weekend work. The UAC determined this refusal to work the new schedule as misconduct connected with work.
Section 443.036(26), Florida Statutes (1991), defines the term misconduct:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
"It is an established principle that `[i]n determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment compensation benefits, the statute should be liberally construed in favor of the claimant.'" Panama City Hous. Auth. v. Sowby, 587 So.2d 494, 497 (Fla. 1st DCA 1991) (quoting Langley v. Unemployment Appeals Comm'n, 444 So.2d 518, 520 (Fla. 1st DCA 1984)). Also, because the unemployment compensation statute is remedial in nature, the disqualifying provisions must be narrowly construed. Sowby, 587 So.2d at 497; Langley, 444 So.2d at 520.
The general rule is that changes may be made in the duties of an employee, so long as they are reasonable and are usual for the particular position for which the employee was hired. Moreover, where such a change of duties is made and the employee refuses to perform, the employee is guilty of misconduct, justifying denial of employment compensation benefits. E.g. Kraft, Inc. v. Unemployment Appeals Comm'n, 478 So.2d 1183, 1184 (Fla. 2d *146 DCA 1985); Vazquez v. GFC Builders Corp., 431 So.2d 739 (Fla. 4th DCA 1983). However, if there is a "positive understanding at the outset ... that an employee will not be required to perform a certain task, ... the employer cannot renege on the understanding and, based thereon, charge the employee with misconduct." Vazquez, 431 So.2d at 741.
Based upon the factual findings made by the appeals referee, we hold that under the Vazquez exception, appellant was entitled to receive unemployment compensation. We therefore reverse and remand with instructions to reinstate the initial award.
REVERSED and REMANDED.
GLICKSTEIN, C.J., and ANSTEAD and HERSEY, JJ., concur.