PATTERSON, Judge.
The appellant challenges the Unemployment Appeals Commission’s order denying unemployment compensation benefits. He argues that the record fails to support the appeals referee’s finding that he was fired from his job at Himes Seafood Restaurant for misconduct connected with work. We reverse.
The appellant worked as a waiter and also performed some daily maintenance duties at the restaurant before his shift started. When the appellant decided to return to school, he told his employer that he would like to resign from his job waiting on tables but that he wished to continue his duties as a maintenance person on a" part-time basis. His employer agreed, but asked the appellant to continue to wait on tables for an extra week to help during a busy holiday. During his last few days as a waiter, the appellant and the restaurant management got into a dispute about a mistaken order. When the appellant refused to pay for the order, he was fired from his maintenance job. The employer maintained that in recent months the appellant had continually made mistakes on orders because he would not write them down.
Under section 443.101, Florida Statutes (1991), a person is disqualified from receiving unemployment compensation benefits if he or she has been discharged for misconduct connected with work. The appellant’s failure to follow the restaurant’s policy of writing down orders may have been a valid reason for the appellant to be fired from his job as a waiter; however, the issue is irrelevant since the appellant was no longer a waiter when he was fired. The record does not show that the employer had any complaint with the appellant’s performance as a maintenance person.
An appellate court should not disturb an administrative agency’s decision if it is supported by competent substantial evidence. Maynard, v. Unemployment Appeals Comm’n, 609 So.2d 143 (Fla. 4th DCA 1992). In this case, the record fails to support a finding that the appellant’s actions constituted misconduct connected with his maintenance job. Therefore, we reverse the UAC’s denial of unemployment compensation benefits and reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
HALL, A.C.J., and BLUE, J., concur.