PER CURIAM.
Acting pro se, William J. Burgess, Jr. appeals the final order denying his request for amendment or expungement of abuse report No. 92-118528. Burgess argues that the hearing officer should not have considered Dr. Jordan’s psychological report because it is an inaccurate evaluation of Burgess. We affirm because Dr. Jordan’s expert testimony was admissible under section 90.702, Florida Statutes (1993). Although Burgess attempted to present his expert’s counter evidence to the agency, this action came too late as this evidence should have been tendered to the hearing officer. See Goss v. District School Bd. of St. Johns County, 601 So.2d 1232, 1234 (Fla. 5th DCA 1992) (stating that it is the hearing officer’s role to accept or reject evidence and to judge the credibility of witness testimony). Where, as here, there is competent substantial evidence to support the hearing officer’s findings, those findings will not be disturbed on appeal. See Maynard v. Florida Unemployment Appeals Comm’n, 609 So.2d 143, 145 (Fla. 4th DCA 1992); Florida Sugar Cane League v. State, 580 So.2d 846, 851 (Fla. 1st DCA 1991).
AFFIRMED.
W. SHARP, GOSHORN and DIAMANTIS, JJ., concur.