885 So.2d 976 (2004)
Gil RUBERTE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and Siemens Building Technologies, Appellees.
No. 3D03-2259.
District Court of Appeal of Florida, Third District.
November 3, 2004.
*977 Amlong & Amlong, P.A., and William R. Amlong, and Jennifer Daley (Ft. Lauderdale), for appellant.
John D. Maher (Tallahassee), for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
GREEN, J.
Gil Ruberte appeals an order of the Florida Unemployment Appeals Commission ("Commission") disqualifying him from receiving unemployment benefits based upon its conclusion that he was fired for misconduct connected to his employment. Because we find that the factual findings made by the referee and adopted by the Commission, as well as the undisputed record evidence, do not support the conclusion that Ruberte engaged in misconduct connected with his employment, we reverse.
The relevant and material facts of this case are basically undisputed. Ruberte and a fellow employee, Kurt Hair, had each been employed by Siemens Building Technologies ("Siemens") and its predecessors for well over ten years. Siemens is a service and construction company whose principal line of business is building temperature controls and fire and security systems for commercial and industrial buildings. Ruberte was employed as a sales engineer and Hair as an account executive salesman.
Siemens terminated Ruberte and Hair on February 28, 2003, on the grounds that they had engaged in activities that violated the company's policies against conflicts of interests. Siemens and/or its predecessors required each employee to sign an agreement that provided, in pertinent part, that neither an employee nor any family member of said employee shall directly or indirectly have an ownership interest in an entity doing business with the employer, or serve any role in a company that is the competition of, or the customer of, the employer.
Siemens claimed that both Ruberte and Hair had violated this provision because they had activated their general contractor's licenses and formed a corporation with one of Siemens' frequently-used subcontractors for the purpose of acquiring and repairing single-family residences as a "hobby, weekend business." At the time of their termination, this corporation was awaiting final approval of its Articles of *978 Incorporation from the State of Florida in order to commence business.
After their termination, Ruberte and Hair filed their respective applications for unemployment benefits. Both were determined to be disqualified from receiving benefits because they had been discharged for engaging in activity that was a conflict of interest with their employer. Each of them then appealed this initial determination to the Agency for Workforce Innovation appeals office. Although the Commission was made aware of the fact that the issues and evidence on both of these appeals were substantially the same, the two cases were not consolidated and two different referees were assigned to preside over these appeals.
The appeals referee in Hair's appeal reversed the claim's adjudication determination that Hair was ineligible to receive unemployment benefits due to misconduct. The referee found, among other things, that the fact that Hair, Ruberte and their employer's subcontractor had formed a corporation with the intent to buy and repair residential homes in the future was insufficient to establish that Hair was in competition with his employer's business, which provided services for primarily commercial and industrial customers. The employer did not appeal this determination; the Commission subsequently affirmed the referee's determination, and Hair received his unemployment benefits.
The appeals referee in Ruberte's case, on the other hand, found, on substantially similar evidence, that Ruberte was disqualified from receiving benefits. The referee in Ruberte's appeal concluded, among other things, that the employer prohibited any type of outside employment by its employees and that Ruberte's formation of a corporation with Hair and the employer's subcontractor was not in the employer's best interests. The referee further found that this corporation would be in competition with the employer's business. Accordingly, the referee affirmed the claims adjustor's denial of benefits to Ruberte.
Ruberte appealed this determination to the Commission and argued that he should not be disqualified from receipt of unemployment compensation benefits when a co-worker who was discharged under similar circumstances was not similarly disqualified. The Commission rejected the referee's finding that the employer prohibited any type of outside employment by its employees and that Ruberte had an interest in a company that does business with the employer, as not supported by competent evidence. Notwithstanding its rejections of these findings the Commission affirmed Ruberte's disqualification for unemployment benefits. The Commission concluded that Ruberte had violated his employer's policies by forming the corporation with a co-worker, and one of the employer's sub-contractors, in contravention of the employer's rules prohibiting employees from doing business with the employer and maintaining personal relationships with such entities. The Commission further concluded that a different referee's holding based upon a different record had no bearing on the outcome of this case.
Ruberte took the instant appeal and raises two points. First, Ruberte argues that the Commission erred in declining to give any weight or deference to its earlier decision regarding Hair, who was terminated for precisely the same reason as he, but was awarded unemployment benefits. He next argues that the Commission erred in its determination that he had engaged in acts of misconduct based upon the undisputed material evidence. We elect to address his second argument based upon our conclusion that the undisputed record evidence does not support the Commission's *979 determination that Ruberte is disqualified from receiving unemployment benefits.
The legislature has defined misconduct in the context of unemployment compensation law as follows:
MISCONDUCT  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
§ 443.036(29), Fla. Stat. (2001). Given the fact that the denial of unemployment benefits presents serious consequences to the employees, courts are to liberally construe this statute in favor of the employee when defining misconduct. See Mason v. Load King Mfg. Co., 758 So.2d 649, 655 (Fla.2000) ("In defining misconduct, courts are required to liberally construe the statute in favor of the employee.").
In this case, the Commission concluded that the claimant had engaged in an act of misconduct by violating his employer's conflict of interest policy. That policy provided in pertinent part that:
No employee shall, however, engage in activities which adversely affect the employee's ability to perform the employee's responsibilities to the company or which would make the employee's interests contrary to the best interests of the company.
Unless prior written permission is received from the President and CEO, neither an employee nor any member of his or her family shall directly or indirectly:
3. Have an ownership interest in any entity doing business with the company or competing with the company ...
4. Serve as an officer, director, employee or consultant to any entity or person who is a competitor of the company or which does or is seeking to do business with the company.
The unrefuted record evidence, as well as the Commission's own conclusions, do not support the finding that the claimant violated this policy. By its expressed terms, the policy precludes employees, without prior permission, from having an interest in entities that do business with the employer, seek to do business with the employer, or compete with the employer. First of all, at the time of the claimant's discharge, the corporation formed by him, his colleague and the subcontractor, was inactive and awaiting approval of its articles of incorporation. More importantly, however, this corporation was formed for the purpose of acquiring and repairing "fixer upper" residential homes for resale purposes. That was not and is not the business of the employer. The claimant's company therefore would have no need either to do business with the employer or compete with the employer for customers.
Moreover, the Commission's conclusion that the claimant violated the employer's conflict of interest policy by becoming an officer and director of a business that was affiliated with one of the employer's frequently used contractors is simply incorrect. According to provision 4 of the policy, an employee cannot serve as an officer or director of any entity that does or is seeking to do business with the employer. The claimant in this case would have violated this provision only if he would have become an officer, director, employee, or consultant in the electrical subcontractor's business since that was the entity which does business with the employer.
*980 That, however, is not what transpired here. The claimant and the employer's subcontractor formed a separate entity to render a service that is wholly unrelated to the employer's business. Thus, the employer did not sustain its burden of proof that the claimant was discharged from his employment due to misconduct. See Tallahassee Hous. Auth. v. Unemployment Appeals Comm'n, 483 So.2d 413 (Fla.1986) (finding that employer must present substantial competent evidence to prove misconduct).
For this reason, we reverse the final order of the Commission that denied the claimant his unemployment benefits. In so doing, it is unnecessary for us to address the claimant's remaining argument on appeal regarding the Commission's disparate treatment of claimant's and Hair's appeals from the denial of benefits. We do, however, seize upon this opportunity to remind the Commission once again of its need to consolidate cases and appeals involving similar facts and issues to avoid the "Alice-in-Wonderland" results obtained in this case and the case involving Hair. See Davis v. Unemployment Appeals Comm'n, 472 So.2d 800, 802 (Fla. 3d DCA 1985).
Reversed and remanded.