ROTHENBERG, Judge.
The claimant, Francisco J. Salinas, appeals the order of the Unemployment Appeals Commission (UAC) affirming the order of the appeals referee denying him unemployment compensation benefits. We reverse.
The claimant worked for a total of approximately eleven years at Eastern Aero Marine (“employer”), a company which manufacturers and repairs life rafts and life vests used on airplanes. From October 1993 until February 2000, he worked in the manufacturing department, wherein certain chemicals are used. In February 2000, after the defendant developed allergies to these chemicals, he requested a transfer to a department in which no chemicals were used. When he was informed that there were no other positions available, he resigned. Approximately four months later, the claimant was rehired by the employer to work in the repair department, a department where these harmful chemicals are not used. In May 2004, his supervisor asked the claimant to assist in the production work, which he did for two days. On the third day, the claimant refused to continue doing production work, and was terminated.
At the evidentiary hearing, there was a factual dispute as to whether the claimant’s current supervisor and director of operations knew that he resigned in 2000 due to his allergies to the chemicals used in the manufacturing department, and whether on the day that he was discharged, the claimant told his current supervisor and director of operations that he *1171 did not want to work in the manufacturing department due to his allergies to these chemicals.
Following the evidentiary hearing, the appeals referee entered an order affirming the claims adjudicator’s denial of unemployment compensation benefits, resolving all conflicts in favor of the employer and upholding the claims adjudicator’s conclusion that the claimant’s refusal to do the work requested of him constituted work-related misconduct. The UAC entered an order affirming the decision of the appeals referee.
“[A] reviewing court may not reject an administrative hearing officer’s findings of fact, as long as those findings are supported by competent, substantial evidence in the record.” Maynard v. Florida Unemployment Appeals Comm’n, 609 So.2d 143, 145 (Fla. 4th DCA 1992); see also Andrus v. Florida Dep’t of Labor & Employment Sec., 379 So.2d 468, 470 (Fla. 4th DCA 1980)(appellate court should not disturb the action of the UAC unless there is a lack of competent, substantial evidence to support the action). Thus, this court is not free to reweigh the evidence.
While it is questionable whether the hearing officer’s findings of fact are supported by competent, substantial evidence, we decline to substitute our opinion for that of the referee.[1] We have, therefore, confined our review as to whether the claimant’s conduct constitutes misconduct connected with work, thereby disqualifying him from receiving unemployment compensation benefits.
Pursuant to section 443.101(l)(a), Florida Statutes (2004), a claimant is disqualified from receiving unemployment compensation benefits if he was discharged by his employer for misconduct connected with his or her work. Misconduct is defined as:
“Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
§ 443.036(29), Fla. Stat. (2004). The statute defining misconduct must be liberally *1172 construed in favor of the claimant, not the employer. Mason v. Load King Mfg. Co., 758 So.2d 649, 654 (Fla.2000); Ruberte v. Florida Unemployment Appeals Comm’n, 885 So.2d 976, 979 (Fla. 3d DCA 2004); Riveras v. Unemployment Appeals Comm’n, 884 So.2d 1143, 1145 (Fla. 2d DCA 2004).
In Vazquez v. GFC Builders Corp., 431 So.2d 739 (Fla. 4th DCA 1983), the court held that an employer may “add to, subtract from, or change an employee’s work assignments,” and if “the duties and requirements are reasonable, within the ambit of the position for which the employee is hired, and applied to all employees without discrimination,” the employee’s refusal to perform the change of assignments constitutes misconduct connected with work “sufficient to relieve the employer of liability for unemployment benefits.” Vazquez, 431 So.2d at 741; see also Davidson v. AAA Cooper Transp., 852 So.2d 398, 401 (Fla. 3d DCA 2003)(“Terminated employees are not ... necessarily disqualified from receiving benefits for refusing to perform tasks outside the scope of employment.”); Maynard v. Florida Unemployment Appeals Comm’n, 609 So.2d 143, 145 (Fla. 4th DCA 1992)(“The general rule is that changes may be made in the duties of an employee, so long as they are reasonable and are usual for the particular position for which the employee was hired. Moreover, where such a change of duties is made and the employee refuses to perform, the employee is guilty of misconduct, justifying denial of employment compensation benefits.”); Kraft, Inc. v. State of Fla., Unemployment Appeals Comm’n, 478 So.2d 1183 (Fla. 2d DCA 1985).
Here, the facts are undisputed that the claimant was hired to work in the repair department, not the manufacturing department, and that workers in the manufacturing department are exposed to certain chemicals while workers m the repair department are not exposed to these chemicals. As such, we conclude that the change of duties that the employer attempted to impose upon the claimant was not “usual for the particular position for which [the claimant] was hired.” Maynard, 609 So.2d at 145. Although the employer may have been entitled to discharge the claimant for his refusal to comply with its order, the claimant’s conduct does not rise to the level of misconduct connected with work justifying a denial of unemployment compensation benefits. Therefore, we reverse the order of the UAC which affirms the order of the appeals referee denying unemployment compensation benefits.
Reversed.

. The director of operations was a key witness as to whether the company was aware of the claimant's medical condition and the reasons for his refusal to do production-related activities, when they requested that he work in production which put him in contact with the chemicals used in that department. When asked if the claimant told him why he was refusing to do the work, the director initially responded, “You know I-I really don’t recall, other than he was just refusing to do the work....” He then explained that he does not speak Spanish and the claimant’s English is not good, inferring that there was a communication problem. Moments later, however, the director had an amazing and instantaneous restoration of his memory which returned with absolute clarity because he testified that while they repeatedly asked the claimant why he was refusing to do the work requested, he never told them why. Conversely, the claimant maintained that everyone knew about his health issues, he specifically quit in February 2000 because of the problems he was experiencing due to his exposure to the chemicals, and he was rehired to work in a department where no chemicals were used. He also produced a letter from his doctor substantiating that he had been under his care since 2001 for medical conditions which made him unable to be in an environment where he would be exposed to these chemicals.