323 So.2d 608 (1975)
Dorothy HERMAN, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, INDUSTRIAL RELATIONS COMMISSION, and Milton Medical and Drug Co., Respondents.
No. 75-891.
District Court of Appeal of Florida, Third District.
December 16, 1975.
Dorothy Herman, in pro. per.
Kenneth H. Hart, Jr., Tallahassee, James R. Parks, Miami, for respondent.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
Dorothy Herman is a claimant for unemployment compensation benefits. She has brought her petition for review of an order of the Commission denying benefits to her. See Florida Unemployment Compensation Law, Fla. Stat. § 443.07(4) (e). She claimed benefits which the examiner *609 determined that she was not entitled to under the act.[1]
Pursuant to the statute, she filed a "Notice of Appeal" and a hearing was held before an Appeals Referee. The hearing was held upon two separate "Referee's Decision Docket" numbers. The first was 75-923U, in which the employer was Alicia Ruth, Inc., where Ms. Herman had been employed from April, 1956, until December 3, 1974.[2] The second was 75-344U, in which the employer was Milton Medical, where Ms. Herman had been employed for eight days from December 12th to December 20th, 1974. The only witness at the hearing was Ms. Herman; neither employer appeared.
The substance of the testimony was that Ms. Herman was employed as a salesperson for more than eighteen years by Alicia Ruth, Inc., in a dress shop located in the Fountainbleau Hotel on Miami Beach and that she was discharged because she could not work a new and more exhausting schedule of hours.[3] Thereafter, in an attempt to secure other employment, she found a job as a prescription clerk in a pharmacy but the work was beyond her physical activity. She voluntarily left this job.
There is no contention in the brief filed upon the review that Ms. Herman would not be entitled to benefits if she had not taken the second job.[4] It is our view that the Commission in approving the Appeals Referee's decision has departed from the purpose of the Unemployment Compensation Law, which is "remedial, humanitarian legislation ... [that] should be liberally and broadly construed." Williams v. State, Department of Commerce, Fla.App. 1972, 260 So.2d 233; and see St. Joe Paper Company v. Gautreaux, Fla.App. 1965, 180 So.2d 668. A claimant ought not be penalized for seeking to be employed even if, in her desire to be employed, she takes an unsuitable job and after a few days cannot continue the employment.
We, therefore, hold that the decision of the Industrial Relations Commission is not supported by competent substantial evidence and the order appealed is quashed. Upon return of the cause to the commission, such proceedings as necessary should be taken to secure benefits to the petitioner and charge the same to the employer, Alicia Ruth, Inc.
It is so ordered.
NOTES
[1] voluntarily quit your job because you could not handle the work. It has not been shown that your terms of hire were misrepresented. Your quitting was without good cause attributable to your employer."
[2] In stating the issues to be tried, the Referee included: "... whether the benefit payments made to claimant shall be charged to the employment record of the employer. This is Alicia Ruth, Inc."
[3] A letter was referred to in the testimony which claimed discharge was for "... loud bad language, swearing and cursing at other employees." The letter itself is not in the record.
[4] Under "Reasons for Decision," the Referee stated: "* * * The record and evidence of the instant case clearly shows that claimant voluntarily left her employment on December 20, 1974. * * *"