PER CURIAM.
Petitioner brings this petition for a writ of certiorari seeking to review an order of the State of Florida, Industrial Relations Commission, respondent, denying her claim for unemployment compensation benefits.
Petitioner became employed in July, 1973, as a cleaning lady w-ith D. & L. Maintenance (“first employer”) which operates a janitorial service. She was assigned to clean offices belonging to her employer’s customers. Generally, she worked for one to one and a half hours each evening, five days a week. In April, 1974, petitioner became employed as a blind-stitch operator with Winston Manufacturing Corporation (“second employer”) where she worked from eight to nine hours daily, Monday through Friday. Petitioner continued working for both employers until October 15, 1974, at which time she voluntarily left her part-time employment with her first employer. She remained employed full-time with her second employer until November 6, 1974, at which time she was laid off involuntarily due to a decline in her second employer’s work load.
Thereafter, petitioner filed an initial claim for unemployment compensation benefits with respondent to become effective from November 3, 1974. On December 12, 1974, respondent’s claims examiner made a determination that petitioner was not entitled to such benefits on the ground that she had voluntarily left employment with her first employer without good cause attributable to it, within the meaning of § 443.06(1), Fla.Stat., F.S.A.
Petitioner then appealed this decision to respondent’s appeals referee. On March 20, 1975, a hearing was held before the appeals referee who affirmed the decision of the claims examiner.
On March 28, 1975, petitioner filed an appeal to the Industrial Relations Commission from the decision of the appeals referee. On May 7, 1975, the Commission mailed a notice to petitioner wherein it af *26 firmed the decision of the appeals referee. At the conclusion of the administrative process, petitioner filed this writ of certio-rari seeking to review the May 7, 1975, decision of the Commission.
Among the several assignments of error made by petitioner in her writ is one which we find dispositive of the writ. Petitioner contends that the decision of respondent’s appeals referee failed to conform to the essential requirements of law because it failed to properly construe § 443.06(1), Fla.Stat., F.S.A., based on the facts of her claim. This section reads in pertinent part as follows:
“§ 443.06 Disqualification for benefits. — An individual shall be disqualified for benefits:
“(1) For the week in which he has voluntarily left his employment without good cause attributable to his employer ., if so found by the division, and for not more than the twelve weeks which immediately follow such week, as determined by the division in each case according to the circumstances in each case . . . Provided, however, that disqualification under this subsection shall continue for the full period of unemployment next ensuing after he has left his work voluntarily without good cause . . . and until such individual has become re-employed and has earned wages equal to or in excess of ten times his weekly benefit amount; . . . ” [Emphasis added.]
That part of the decision of respondent’s appeals referee dated March 20, 1975, construing this section in regard to petitioner’s claim reads as follows:
“DECISION: The Claims Adjudicator’s determination, disqualifying claimant for the week ended October 19, 1974, plus the five immediately following weeks and until she becomes reemployed and has earned at least $690, for having voluntarily left her employment without good cause attributable to her employer, and relieving the employer’s employment record (114 853) [petitioner’s first employer] of charges in connection with this claim, is hereby affirmed.” [Emphasis added.]
In our opinion, the key operative words in § 443.06(1), Fla.Stat., F.S.A., as they relate to the facts of petitioner’s claim, are “until such individual has become re-employed.” In our opinion, such words contemplate the situation where a person seeking benefits has lost one job without good cause attributable to his employer and thereafter becomes re-employed and earns ten times his weekly benefit amount with another employer. In the instant appeal, petitioner was never “re-employed” after leaving her first employer because, prior to and after leaving her first employer, she was employed with and continued to be employed with her second employer. It appears to us that in drawing up the legislation for Chapter 443, Fla. Stat., F.S.A., the lawmakers did not contemplate petitioner’s situation. Further, although the wording of § 443.06(1), Fla. Stat., F.S.A. could possibly be strained to apply to the facts of her case, we do not think such a result was intended, otherwise, she would be penalized for her industry in having worked concurrently at both a full-time and part-time job. As we stated in Herman v. Florida Dept. of Commerce, Fla.App.1975, 323 So.2d 608, the Unemployment Compensation Law, of which § 443.06(1), Fla.Stat., F.S.A., is a part, is remedial and humanitarian legislation that should be liberally and broadly construed. Therefore, in our opinion, based on the facts of petitioner’s case, we feel that § 443.06(1) should not act as a bar to the recovery by her of unemployment compensation benefits.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that respondent in its order dated May 7, 1975, upholding the March 20, 1975, order of its *27 appeals referee, departed from the essential requirements of law in its application of § 443.06(1), Fla.Stat., F.S.A., to the facts of petitioner’s claim for unemployment compensation benefits. Therefore, for the reasons stated and upon the authorities cited, petitioner’s writ of certiorari is granted, and the order under review is quashed.