417 So.2d 749 (1982)
DEPARTMENT OF EDUCATION, Appellant,
v.
Bettie C. ATWATER and Department of Labor and Employment Security State of Florida, Unemployment Appeals Commission, Appellees.
No. AF-273.
District Court of Appeal of Florida, First District.
July 20, 1982.
*750 Gene T. Sellers, Tallahassee, for appellant.
James R. Parks and Richard S. Cortese, Tallahassee, for appellees.
OWEN, WILLIAM C., Jr.
The Unemployment Appeals Commission construed the "refusal of suitable work" disqualification provisions of section 443.101(2), Florida Statutes (Supp. 1980),[1] as being applicable only when the work offer was made during the time the claimant was unemployed. The claimant in this case, appellee Atwater, though aware that her part-time job with the Department of Education was soon to be terminated, refused without good cause the Department's offer of other suitable work. Because the work offer was extended while claimant was still on the Department payroll, the Commission concluded that the refusal of the work offer did not constitute disqualification under the statute and awarded claimant unemployment compensation benefits. We reverse.
The essential facts as found by the appeals referee (which findings of fact the Commission adopted) are supported by competent, substantial evidence in the record and can be stated quite succinctly. Dr. Bettie C. Atwater was employed by the Department of Education from May, 1976 to October 3, 1980, as a part-time Educational Consultant, the position being supported through federal funding. Dr. Atwater was aware that effective June 30, 1980, the position would be deleted because of the loss of federal funds. After that date she was retained in the same position on a temporary basis with funding from another source. In the latter part of August, the Department offered her other suitable work which, without good cause, she refused to accept. She was then given timely notice by Commissioner Turlington that since she could not accept the work which had been offered and since there were no other positions available in the Department, and in view of the expiration of the funding for her current position, her last day of employment would be October 3, 1980.
The appeals referee concluded on these facts that the claimant had refused to accept an offer of suitable work without good cause within the meaning of the statute, and that she was therefore disqualified from receiving unemployment benefits. The Commission reversed and awarded unemployment benefits, its order, excluding formal parts, stating only the following:
The record discloses that the employment relationship was not severed at the time the offer of work was proffered. This fact precludes imposition of a disqualification pursuant to Section 443.101(2), Florida Statutes, since the intendment of that statutory provision is to disqualify only those claimants who refuse an offer of suitable work without good cause while they are unemployed. *751 For this reason, the employer's offer of full-time employment does not constitue an offer of work within the meaning of the law.
Appellant's principal argument is that the Commission, having accepted the findings of fact of the appeals referee, may not substitute its own different conclusion, and institute, without explanation or record foundation, a heretofore unannounced non-rule policy which requires that a refusal of suitable work, to be disqualifying, must be based upon a work offer made while the claimant is unemployed. The Commission has admittedly not promulgated rules on this matter under the rule making procedures of Section 120.54, Florida Statutes. We need not be concerned, however, with the question of whether the Commission's construction of Section 443.101(2), Florida Statutes  that it does not countenance the imposition of a disqualification on the basis of a claimant's refusal of proffered employment while still gainfully employed  amounts to an agency policy statement of general applicability which would require adoption as a rule. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). It is, at the least, and as conceded by the Commission, a non-rule interpretation of the statute manifesting policy that is now emerging.[2] As such, it requires record foundation and explication of the basis for the agency's non-rule policy. Florida Cities Water Company v. Florida Public Service Commission, 384 So.2d 1280 (Fla. 1980); ABC Liquors, Inc. v. Department of Business Regulation, 397 So.2d 696 (Fla. 1st DCA 1981); Anheuser-Busch, Inc. v. Department of Business Regulation, 393 So.2d 1177 (Fla. 1st DCA 1981); McDonald v. Department of Banking and Finance, supra. There is in this case neither record foundation nor explication of the basis for the Commission's non-rule policy. For this reason alone the order must be reversed.
We also conclude that as it relates to the unique and specific facts of this case, the Commission's interpretation of the disqualification statute is erroneous. Assuming, without deciding, that in enacting Section 443.101(2), Florida Statutes, the Legislature intended that a prerequisite to disqualification was a work offer made while unemployed, it seems evident that the law-makers did not contemplate a situation such as existed in this case. Dr. Atwater's position had already terminated, and she was, so-to-speak, "on borrowed time," of which she was well aware. The Department, anxious to retain her services as long as possible, arranged a temporary position for her. When a permanent position became available,[3] it was offered to her. Dr. Atwater, without good cause, declined to accept the offered position. Without doubt, the Department could have terminated her temporary position first, and then, while Dr. Atwater was in the category of "unemployed," could have offered her the full-time position (which the appeals referee found to be suitable work, a finding adopted by the Commission), a procedure which, if followed, apparently would have satisfied fully the Commission as constituting an offer of work within the meaning of the disqualification statute. Granted the humanitarian nature of the unemployment compensation act, see, e.g., City of Ft. Lauderdale v. Fowler, 355 So.2d 159 (Fla. 4th DCA 1978); Rodriguez v. Florida Department of Commerce, 328 So.2d 24 (Fla. 3d DCA 1976), it nonetheless becomes illogical if not outright ludicrous to require an employer first to discharge an employee whose termination is known by the employee to be imminent, before offering the employee other suitable work, in order for the offer and refusal to trigger the disqualification provisions of the statute.
The award of unemployment compensation is reversed.
MILLS and WENTWORTH, JJ., concur.
NOTES
[1] The statute, in pertinent part, reads as follows:

443.101 Disqualification for benefits.  An individual shall be disqualified for benefits:
... .
(2) If the division finds that the individual has failed without good cause ... to accept suitable work when offered ... such disqualification shall continue for the week in which such failure occurred and for not more than 5 weeks immediately following such week... . However, disqualification under this subsection shall continue for the full period of unemployment next ensuing after he has failed without good cause ... to accept suitable work ... and until such individual has become reemployed... . The division shall by rule provide criteria for determining the "suitability of work," as used in this section. The division in developing such rules shall consider the duration of a claimant's unemployment in determining the suitability of work....
[2] Appellee says that the policy is not only now emerging, but is doing so "fully ripened."
[3] The identical position, but on a full-time basis rather than part-time, with commensurate increase in salary and benefits.