575 So.2d 730 (1991)
Miguelina GARCIA, Appellant,
v.
AT & T COMMUNICATIONS, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 90-1699.
District Court of Appeal of Florida, Third District.
February 26, 1991.
Robin L. Kozin and Robert A. Trilling, Miami, for appellant.
John D. Maher, Tallahassee, for appellees.
*731 Before BARKDULL, HUBBART and GERSTEN, JJ.
BARKDULL, Judge.
Ms. Garcia, an employee for six years, and claimant, seeks review of an order of the Unemployment Appeals Commission which affirmed an order of the appeals referee denying unemployment benefits, on the ground that she had voluntarily left her employment. The appellant needed time off from work to care for her sick mother-in-law. She requested a six month leave of absence and was informed that her reemployment would be dependent on a position being available when she returned. Having this knowledge, she took six months. When she returned, no position was available because the employer had instituted a hiring freeze. As a result of her not being reemployed, the appellant filed a claim for unemployment benefits. It was denied because she voluntarily left employment, without any assurance a job would be available when she returned. The reason for her leaving was not attributable to her employer or the result of the claimant's illness or disability.
The order appealed is affirmed pursuant to the unemployment compensation statute, on the grounds that the claimant voluntarily left employment without good cause when she departed on a leave without a guarantee of reinstatement at its conclusion. See Home Fuel Oil Co. v. Florida Unemployment Appeals Commission, 494 So.2d 268 (Fla. 2d DCA 1986); Slusher v. State Department of Commerce, 354 So.2d 450 (Fla. 1st DCA 1978); See also Department of the Air Force v. Unemployment Apeals Commission, 486 So.2d 632 (Fla. 1st DCA 1986); Beard v. State Department of Commerce, 369 So.2d 382 (Fla. 2d DCA 1979).
We have not overlooked the opposite holding of this court in Williams v. Florida Industrial Commission, 135 So.2d 435 (Fla. 3d DCA 1961). However, we find that holding is not applicable to the instant case, because subsequent to Williams, supra, Section 448.06, Florida Statutes (1961), renumbered Section 443.101(1)(a) by Chapter 80-95, Laws of Florida, was amended, providing that "an individual shall be disqualified for benefits for the week in which he has voluntarily left his work without good cause attributable to his employing unit." The words "attributable to the employing unit" were added. This court in Williams, supra, was simply not confronted with interpreting the statement as it reads today. We agree with the First District Court, which said in Slusher v. State Department of Commerce, supra, when confronted with the present version of Section 443.101(1)(a), Florida Statutes (1961):
"Although the claimant's reason for leaving may be considered a good personal reason, it cannot be considered attributable to the employer. Accordingly, it can only be considered that the claimant voluntarily left her employment without good cause attributable to her employer."
Therefore, the order appealed is hereby affirmed.
Affirmed.