610 So.2d 645 (1992)
Anita M. VAJDA, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and Hart-Hanks Communications, Inc., Appellees.
No. 92-536.
District Court of Appeal of Florida, Third District.
December 15, 1992.
Anita M. Vajda, in pro. per.
William T. Moore, Tallahassee, for appellees.
Before BASKIN, JORGENSON and COPE, JJ.
COPE, Judge.
Anita M. Vajda appeals the denial of unemployment compensation benefits. We reverse.
Vajda became unemployed and was receiving unemployment benefits. She obtained a job with appellee Hart-Hanks Communications, Inc., as a telemarketing representative for a shopper newspaper. Vajda had not previously held a job in telemarketing.
Upon reporting to work, Vajda was placed in a training program to explain how the telemarketing job was performed. During the training program, she learned that in order to perform the duties of the job, it was necessary to do extensive computer work and reading of city maps. Vajda has suffered from periodic migraine headaches for thirty years and takes medication for that problem. Based on past experience, she knew that the detail work involved in concentrating on the city maps and computer screen would trigger her migraine headaches. Vajda so informed Hart-Hanks and asked if they had another position elsewhere in their operation which she could be transferred to. Hart-Hanks indicated that they had no other vacancy. Consequently, on the fourth day of employment and prior to completing the training program, Vajda resigned.
Vajda returned to the Unemployment Compensation office. She desired to resume the unemployment benefits she had been receiving prior to taking the job with Hart-Hanks. Unemployment benefits were denied. Vajda has appealed and we now reverse.
*646 Under the Unemployment Compensation Law, "good cause" for leaving a job includes "illness or disability of the individual requiring separation from his work." § 443.101(1)(a)(1), Fla. Stat. (1991). The undisputed evidence in this case was that Vajda was physically unable to perform the duties of the job. Vajda's testimony below was uncontroverted and was corroborated by medical documentation from the physician who has treated her for the migraine headache problem for the past thirty years. This evidence satisfied the statutory test and benefits should not have been denied.
The Referee appears to have reasoned that Vajda's physical problem was a preexisting condition which had not been caused by the employer. That, however, is not the test. Under the statute, it is not a matter of assigning blame to the employer. The inquiry is whether there is an illness or disability which makes the employee physically unable to perform the duties of the job. It was uncontroverted below that that is the situation here.
In a case presenting remarkably similar facts, this court ruled for the employee. Herman v. Florida Dep't of Commerce, Indus. Relations Comm'n, 323 So.2d 608 (Fla. 3d DCA 1975). There, the court said:
The substance of the testimony was that Ms. Herman was employed as a salesperson for more than eighteen years by Alicia Ruth, Inc., in a dress shop located in the Fountainbleau Hotel on Miami Beach and that she was discharged because she could not work a new and more exhausting schedule of hours. Thereafter, in an attempt to secure other employment, she found a job as a prescription clerk in a pharmacy but the work was beyond her physical activity. She voluntarily left this job.
There is no contention in the brief filed upon the review that Ms. Herman would not be entitled to benefits if she had not taken the second job. It is our view that the Commission in approving the Appeals Referee's decision has departed from the purpose of the Unemployment Compensation Law, which is "remedial, humanitarian legislation ... [that] should be liberally and broadly construed." ... A claimant ought not be penalized for seeking to be employed even if, in her desire to be employed, she takes an unsuitable job and after a few days cannot continue the employment.

Id. at 609 (footnotes omitted; emphasis added).
The Commission contends that its ruling in this case was mandated by Garcia v. AT & T Communications, Inc., 575 So.2d 730 (Fla. 3d DCA 1991). Garcia has no bearing on this case. Both Garcia and the case discussed therein, Williams v. Florida Indus. Comm'n, 135 So.2d 435 (Fla. 3d DCA 1961), involved situations in which an employee left his or her job for reasons other than the employee's own illness or disability. In both cases the employee left the job for personal reasons, and the question in each case was whether the employee had "good cause" within the meaning of the unemployment compensation statute. Garcia analyzed that part of the statute which now requires disqualification of the employee for benefits where the employee "left his work without good cause attributable to his employing unit... ." § 443.101(1)(a), Fla. Stat. (1991); Garcia v. AT & T Communications, Inc., 575 So.2d at 731.
Those cases have no application here. The same statutory provision goes on to say that "`good cause' as used in this subsection shall include only such good cause as is attributable to the employing unit or which consists of illness or disability of the individual requiring separation from his work." § 443.101(1)(a)(1), Fla. Stat. (1991) (emphasis added). Contrary to the position of the Commission, the Herman decision remains good law.[*]
*647 The order under review is reversed and the cause remanded with directions to reinstate the claimant's unemployment benefits.
Reversed and remanded with directions.
NOTES
[*] The Commission argues that since Williams was cited in Herman, and the Garcia decision has indicated that Williams is no longer good law because of subsequent statutory amendments to the unemployment compensation law, it follows that Herman is also no longer good law. That is incorrect. The Herman decision cited Williams for the proposition that the unemployment Compensation Law is "`remedial, humanitarian legislation ... [that] should be liberally and broadly construed.'" Herman v. Florida Dep't of Commerce, Indus. Relations Comm'n, 323 So.2d at 609. Garcia did not discuss the rules of construction applicable to the unemployment compensation law generally, nor call that portion of Williams into question. The portion of Williams reciting the rules of construction was unaffected by Garcia. Id.; see also §§ 443.021, 443.031, Fla. Stat. (1991).