JORGENSON, Judge.
Ofelia Gottardi appeals from a decision of the Unemployment Appeals Commission denying unemployment compensation benefits. For the following reasons, we reverse.
For approximately one and one-half years, Gottardi worked as an order picker at the warehouse of Joaquin General Distributors, Inc., filling boxes with candy, cards, and various other items for delivery to customers. During her employment, a male employee helped her lift and move the heavy boxes that had been filled. That employee left, and Gottardi, who is five feet tall and weighs 116 pounds, tried to lift a box that weighed more than forty pounds. She suffered back pains and missed two days of work.[1] When she returned to work, she told her employer that she could not lift the heavy boxes and asked that she be given help or reassigned to a different job. The employer did not have any openings, and informed her that if she could not lift the boxes, she could not continue to work there. She did not return to work thereafter.
Gottardi filed a claim for unemployment compensation benefits. Her claim was denied on the ground that she had quit because of health reasons, but that she had not shown that her health required her to leave the job. Gottardi appealed, arguing that she had not quit, but had been laid off because she could not lift the heavy boxes. At the hearing before the Appeals Referee, she testified that she could not lift the heavy boxes and denied that she had ever been required to lift them as a condition of her employment. The employer’s position was that Gottardi had been told when she applied for the warehouse position that the job required lifting heavy boxes. The Appeals Referee found that Gottardi had been told when she applied for the job that she would have to pick up crates and boxes, and that she had voluntarily left her employment for reasons that were “strictly personal in nature.” Concluding that Got-tardi had voluntarily left her employment without good cause attributable to her employer, the Referee affirmed the denial of benefits. The Unemployment Appeals Commission found that the Referee’s decision was “in accord with the essential requirements of law,” and affirmed.
We reverse, and hold that Gottardi is entitled to receive unemployment compensation benefits. If she was fired because she could not adequately perform the work, *365 she is entitled to benefits. Gulf County School Bd. v. Washington, 567 So.2d 420, 423 (Fla.1990).[2] If she voluntarily quit because she could not lift the boxes without help, she is entitled to benefits, as “[t]here is no meaningful difference between an employee who unavoidably finds that he or she cannot meet a known condition of employment and one who is discharged for simply failing to measure up to the requirements of the job.” Washington, 567 So.2d at 423. If Gottardi quit, as the agency found, the determination of whether she left her job without good cause attributable to her employer focuses on “whether the circumstances behind the employee’s departure would have impelled the average, able-minded, qualified worker to give up his employment.” Dean v. Florida Unemployment Appeals Comm’n, 598 So.2d 100, 101 (Fla.2d DCA), rev. denied, 605 So.2d 1268 (Fla.1992). We conclude that Gottardi acted reasonably. The record contains uncontroverted evidence that Gottardi worked in the warehouse without any problems for one and one-half years; that she always had help lifting heavy boxes; and that she could not lift the boxes by herself. Accordingly, we reverse the determination of the Unemployment Appeals Commission and remand with directions that Gottardi’s application for benefits be approved.

. Gottardi did not visit a doctor, and does not claim that she is disabled. She presented no medical evidence at the hearing.

. There is no evidence in the record that Gottar-di was fired for misconduct, and the employer has never taken that position.