629 So.2d 1005 (1993)
Herwig J. KRULLA, Appellant,
v.
BARNETT BANK and Florida Unemployment Appeals Commission, Appellees.
No. 93-1105.
District Court of Appeal of Florida, Fourth District.
December 29, 1993.
*1006 Herwig J. Krulla, appellant pro se.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
POLEN, Judge.
Herwig Krulla appeals from an order of the Unemployment Appeals Commission that affirms the appeals referee's denial of appellant's claim for unemployment compensation benefits. We reverse.
Appellant is a seventy-one-year old male. He was employed by Sears for almost twelve years, first as a cashier and then as a head cashier. Appellant was a permanent, part-time employee, averaging no more than thirty hours per week. He was informed that as part of a reduction in the work force, Sears discontinued his position and thus, he was dismissed from employment on May 31, 1992. At that time, appellant earned $8.50 per hour. Subsequently, appellant filed for unemployment compensation benefits and received them. During this time, he actively sought suitable employment. Appellant accepted full-time employment at Barnett Bank for $6.35 per hour, in which he was required to perform physical labor as an assistant in the vault area. The job responsibilities included what appellant characterizes as strenuous, continuous, and repetitive manual labor. It involved receiving, sorting, processing and preparing bags of currency to put on trucks. Appellant soon found that the job caused him great physical stress. Nevertheless, he continued working as long as he could, which was four weeks. When it became evident that the work was not suitable for him, appellant voluntarily terminated his employment with Barnett Bank. Subsequently, appellant filed a claim for unemployment compensation benefits, which was denied. He then appealed from that determination. After an evidentiary hearing, the appeals referee found that appellant left the job with Barnett Bank because he found himself physically unable to perform the job responsibilities. Nevertheless, the referee determined that appellant was ineligible for unemployment compensation benefits because he had terminated his employment with Barnett Bank voluntarily and without good cause attributable to Barnett Bank. See § 443.101(1)(a), Fla. Stat.
We recognize that it is the hearing officer's prerogative to resolve issues of fact, as opposed to the agency. See Heifetz v. Department of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA 1985). Moreover, section 120.68(10), Florida Statutes limits our review of administrative findings. That section provides that "the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact." As appellee correctly contends, the statute applies to unemployment compensation proceedings. See e.g. Trinh Trung Do. v. Amoco Oil Co., 510 So.2d 1063 (Fla. 4th DCA 1987); Andrus v. Florida Dept. of Labor & Employment Security, 379 So.2d 468 (Fla. 4th DCA 1980). However, where the commission errs as a matter of law, this court is empowered to reverse their determination. See Herman v. Florida Dept. of Commerce, 323 So.2d 608 (Fla. 3d DCA 1975); Vajda v. Florida Unemployment Appeals Comm'n, 610 So.2d 645 (Fla. 3d DCA 1992). The Herman Court stated, and we agree, that "[a] claimant ought not to be penalized for seeking to be employed even if, in [his] desire to be employed, [he] takes an unsuitable job[1] and after a few days *1007 cannot continue [his] employment." 323 So.2d at 609. The Third District later stated in Vajda that the real issue is not whether blame can be assigned to the employer for the employee's inability to perform the job. Rather, the inquiry should be whether the individual is physically unable to perform the job duties. Vajda, 610 So.2d at 646.[2] We hold that the unemployment appeals commission erred as a matter of law when it affirmed the referee's determination. We therefore reverse and remand with directions that appellant be awarded unemployment compensation benefits. See Herman; Vajda.
ANSTEAD and STONE, JJ., concur.
NOTES
[1] We note that section 443.101(2)(a) provides that "[i]n determining whether or not any work is suitable for an individual, the division shall consider the degree of risk involved to his health, safety, and morals; his physical fitness and prior training; his experience and prior earnings; his length of employment and prospects for securing local work in his customary occupation; ..."
[2] In Vajda, the appeals referee recommended denial of unemployment compensation benefits because the claimant's inability to perform the job duties resulted from a pre-existing condition that the employer did not cause. The Third District Court rejected this conclusion and also rejected the Commission's argument that Herman could no longer be relied upon, because of statutory amendments to the unemployment compensation law. We concur with the Vajda Court's reasoning that the purpose of the unemployment compensation law is remedial and humanitarian. Post-Herman cases and statutory amendments did not call that concept into question. See also §§ 443.021, 443.031, Fla. Stat. (1991).