692 So.2d 213 (1997)
Wuiner CHERY, Appellant,
v.
FLAGSHIP AIRLINES, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 95-2679.
District Court of Appeal of Florida, Third District.
April 2, 1997.
Jay M. Levy, Miami, for appellant.
William T. Moore, Tallahassee, for appellees.
Before COPE, GODERICH and FLETCHER, JJ.
PER CURIAM.
The claimant, Wuiner Chery, appeals a final order of the Unemployment Appeals Commission [UAC] affirming his disqualification from receiving unemployment benefits. We reverse.
The claimant was injured on the job and filed a workers' compensation claim. While the claim was pending, the claimant failed to attend an appointment with an orthopedic surgeon that was arranged by the workers' compensation insurance company and an appointment at the employer's medical facility. Thereafter, the claimant subsequently orally explained to his supervisor why he had missed those appointments. The claimant's supervisor then requested that the claimant set forth his explanation in writing. The claimant explained that he wanted to speak with the attorney who was handling his pending workers' compensation claim before providing any written statements. Later that day, the supervisor advised the claimant that there would be a meeting the following day *214 at 10:00 a.m. in his office and that if the claimant did not furnish the written statements at that time, he would be discharged as a result of his insubordination. The claimant then explained that he would not attend the 10:00 a.m. meeting because he had an appointment with his attorney at 11:00 a.m. The supervisor then rescheduled the appointment to 8:00 a.m. The claimant once again stated that he wanted to speak with his attorney before producing the written explanation and that therefore, he would not attend the 8:00 a.m. meeting. The claimant was discharged when he failed to attend the 8:00 a.m. meeting or produce the written statements.
Subsequently, the claimant applied for unemployment benefits. The appeals referee found that the claimant had refused to provide the written statements and that the claimant's "refusal to follow the directive of management demonstrates disregard of his duties and obligations to the employer which rises to the level of misconduct to disqualify him from the receipt of benefits." The UAC affirmed.
In order for a claimant to be disqualified from receiving unemployment benefits for refusing to follow his employer's order, the order must be valid. Rosmond v. Unemployment Appeals Commission, 651 So.2d 233 (Fla. 5th DCA 1995). Moreover, "the supervisor's order must be reasonable in order for the employee to be held accountable for the refusal.... [A]lthough the employer's order may be reasonable, if the employee reasonably refuses to perform the required act, the employee is still eligible for unemployment compensation." Pascarelli v. Unemployment Appeals Commission, 664 So.2d 1089, 1093 (Fla. 5th DCA 1995).
In the instant case, because the claimant's workers' compensation claim was still pending and such claims are often adversarial in nature, the claimant's refusal to produce the written statements without first speaking with his attorney was reasonable. As such, the claimant is entitled to unemployment compensation benefits. Accordingly, the order of the UAC is reversed and remanded.
Reversed and remanded.