SHEVIN, Judge.
Claimant Manuel S. Baca appeals an order of the Unemployment Appeals Commission reversing the referee’s order awarding him unemployment benefits. We reverse.
At the hearing on claimant’s entitlement to unemployment benefits, the referee found that claimant’s employer received a letter from claimant’s attorney requesting certain documents. The employer then questioned claimant about a potential worker’s compensation claim. The claimant refused to answer questions about the lawyer’s letter, advising the employer that he could not speak to the employer unless claimant was with his attorney. The employer then discharged claimant for insubordination.
In finding that claimant was entitled to benefits, the referee concluded that
It is the claimant’s testimony that his response to the employer when questioned about the attorney’s letter was that he could not speak to him without his attorney. This statement made by the claimant does not establish that the claimant was in violation of his duties and obligations to the employer.
In its order of reversal, the Commission incorrectly concluded:
*629 The claimant was discharged for insubordination. The referee reasoned that the claimant’s refusal to answer the employer’s questions without his attorney present did not constitute misconduct. Although the claimant had the right to obtain legal counsel, the employer’s request that he provide the employer with basic information regarding his alleged worker’s compensation injury was reasonable. The employer had attempted to obtain information from claimant’s attorney, but he did not respond. The claimant’s refusal to answer questions without his attorney present was insubordinate and constituted misconduct connected with work within the meaning of the law.
This case is materially indistinguishable from this court’s decision in Chery v. Flagship Airlines, Inc., 692 So.2d 213 (Fla. 3d DCA 1997). In Chery, we concluded that an employee’s refusal to produce a written statement concerning his pending worker’s compensation claim without consulting with his attorney was reasonable. On that basis, this court held that the claimant was entitled to unemployment compensation benefits. Similarly, here, the claimant reasonably refused to answer orally his employer’s questions regarding a worker’s compensation claim outside of his attorney’s presence. We find the Commission’s attempt to distinguish this case on that basis unavailing. As explained in Chevy, an employee’s refusal to follow his employer’s order may not serve as a basis for denial of benefits “if the employee reasonably refuses to perform the required act.” Chery, 692 So.2d at 214 (quoting Pascarelli v. Unemployment Appeals Comm’n, 664 So.2d 1089, 1093 (Fla. 5th DCA 1995)). Because claimant’s refusal to answer the employer’s questions absent his lawyer’s presence was reasonable, as in Chery, the referee correctly concluded that such action did not amount to misconduct, and the Commission erred in reversing the referee’s decision. Accordingly, we reverse the Commission’s order that denied benefits to the claimant.
Reversed and remanded.