BLUE, Chief Judge.
Grace M. Jennings appeals the order of the Unemployment Appeals Commission affirming the appeals referee’s denial of unemployment compensation based on the conclusion that Jennings left her job without good cause attributable to her employer. Because the referee’s conclusions are not supported by the referee’s factual findings, we reverse.
According to the pertinent facts as found by the appeals referee, Jennings worked at an assisted living facility for approximately three years as an assistant bookkeeper. She then accepted an offer for a different position and transferred to *526 the activities department. After her transfer, “she discovered that her duties were not what she thought they would be.” Jennings, a seventy-five-year-old woman, felt that the new job was too strenuous for her. No improvements were made when she complained, so Jennings eventually quit.
Jennings provided the only record evidence, and her testimony at the telephone hearing was elicited by the referee’s questioning. In describing the position she was offered, Jennings testified that the administrator told her she “could do the bulletin boards ... [and] do as [she] wanted on the — with the activities.” Jennings also testified she was not told until after the transfer that she would be working with Alzheimer’s patients and others needing enhanced care. The referee did not elicit any other testimony regarding the employer’s representations of the duties in the new position. The referee found that Jennings’ duties were not what she expected. In spite of this finding, however, the referee concluded that Jennings failed to show the position was misrepresented to her. This conclusion is contrary to the factual finding and the record evidence.
Likewise, Jennings testified that the new job made physical demands that were beyond her. Instead of doing bulletin boards, she was doing exercises for the patients and pushing wheelchairs. The referee found that Jennings felt the new job was too strenuous. Notably, the referee did not find that Jennings lacked credibility. Jennings testified: “[S]he [the activities director] would write on the board what I had to do that day so I would do that even if it was too hard for me.... I did what I was told until it got so hard I couldn’t hardly make it home at night.” The referee did not elicit any testimony to quantify the amount of time Jennings spent doing physically active work, any specifics regarding the nature of this work, nor any testimony regarding Jennings’ physical abilities. Therefore, the referee’s conclusion that Jennings failed to show that the job was too strenuous is not supported by the referee’s factual findings, and it is not supported by the evidence from the hearing.
“[T]he determination of whether an employee voluntarily leaves a job without good cause attributable to an employer should focus on whether the circumstances behind the employee’s departure would have impelled the average, able-minded, qualified worker to give up his employment.” Lewis v. Lakeland Health Care Ctr. Inc., 685 So.2d 876, 879 (Fla. 2d DCA 1996) (quoting Dean v. Fla. Unemployment Appeals Comm’n, 598 So.2d 100, 101 (Fla. 2d DCA 1992)). Applying this test, the Third District granted benefits to a factory worker who was physically unable to do the heavy lifting required by her job. Gottardi v. Joaquin Gen. Distribs., Inc., 618 So.2d 363 (Fla. 3d DCA 1993). The Third District concluded that the factory worker acted reasonably in quitting a job that was physically beyond her. “[T]here is no meaningful difference between an employee who unavoidably finds that he or she cannot meet a known condition of employment and one who is discharged for simply failing to measure up to the requirements of the job.” 618 So.2d at 365 (quoting Gulf County Sch. Bd. v. Washington, 567 So.2d 420, 423 (Fla.1990)). See also Krulla v. Barnett Bank, 629 So.2d 1005 (Fla. 4th DCA 1993) (awarding unemployment benefits because claimant was physically unable to do job); Vajda v. Fla. Unemployment Appeals Comm’n, 610 So.2d 645 (Fla. 3d DCA 1992) (same); Herman v. Fla. Dep’t of Commerce, 323 So.2d 608, 609 (Fla. 3d DCA 1975) (considering the remedial and humanitarian purpose of the unemployment compensation *527 statute, “[a] claimant ought not be penalized for seeking to be employed even if, in her desire to be employed, she takes an unsuitable job and after a few days cannot continue the employment”). Because the referee found that Jennings felt the job was too physically strenuous and there are no other findings, of fact or credibility, to support a contrary conclusion, we reverse the denial of unemployment compensation benefits.
In this case, the employer did not appear at the telephone hearing because it was not called. The referee called the number listed on the notice of hearing, but it was a wrong number. Because we are remanding for a decision to be entered adverse to the employer, the employer should be given an opportunity to ask for the appeal to be reopened. Rule 38E-5.017(3), Florida Administrative Code, provides in part that “the appeals referee shall for good cause rescind a decision and reopen the appeal if the appellee did not appear at the last scheduled hearing and the referee has entered a decision adverse to the appellee.”
Reversed and remanded with directions.
SALCINES and DAVIS, JJ., concur.