867 So.2d 523 (2004)
Charles G. STANICK, Appellant,
v.
T & B METAL WORKS INC., and Florida Unemployment Appeals Commission, Appellees.
No. 1D03-380.
District Court of Appeal of Florida, First District.
February 26, 2004.
Charles G. Stanick, pro se, Lake City.
John D. Maher, General Counsel, Florida Unemployment Appeals Commission, Tallahassee, for Appellee.
PER CURIAM.
In this unemployment compensation case, the appeals referee and the Florida Unemployment Appeals Commission erred by failing to properly consider and apply section 443.101(1)(a)1., Florida Statutes (2002). The law provides that an unemployed worker may qualify for unemployment compensation benefits unless "he or she has voluntarily left his or her work without good cause attributable to his or her employing unit...." § 443.101(1)(a), Fla. Stat. (2002). Although the referee purported to consider the question of good cause, the order fails to apply the relevant definition:
[T]he term "good cause" as used in this subsection includes only such cause as is attributable to the employing unit or which consists of illness or disability of the individual requiring separation from his or her work.
§ 443.101(1)(a)1., Fla. Stat. (2002).
Here, the referee acknowledged evidence establishing that appellant quit his job as the result of work-related injuries that left him unable to perform his previous duties. Unfortunately, the referee analyzed the good cause requirement without acknowledging that good cause statutorily includes illness or disability requiring separation from work. See Vajda v. Fla. Unemployment Appeals Comm'n, 610 So.2d 645, 646 (Fla. 3d DCA 1992) (explaining that "[u]nder the Unemployment Compensation Law, `good cause' for leaving a job includes `illness or disability of the individual requiring separation from his work'"). Under a proper application of the statute here, "[t]he inquiry is whether there is an illness or disability which makes the employee physically unable to perform the duties of the job." Id.; see Krulla v. Barnett Bank, 629 So.2d 1005 (Fla. 4th DCA 1993). Here, the referee denied benefits based upon a finding that appellant "made no attempt to secure another position with the employing company." Acknowledging this finding, we are nonetheless compelled to reverse because the proper inquiry is whether the employee, because of illness or disability, is no longer *524 able to physically perform the job. Our reading of the order convinces us that the referee resolved this particular issue in favor of appellant.
REVERSED.
ALLEN, KAHN and POLSTON, JJ., Concur.