GRIFFIN, J.
Shirley B. Belcher [“Belcher”] appeals a final order of the Unemployment Appeals Commission [“UAC”] reversing the appeals referee’s determination that Belcher was entitled to unemployment benefits. Belcher contends that the appeals referee’s determination was correct because she voluntarily left the workplace for good cause attributable to her employer pursuant to section 443.101(1), Florida Statutes (2002), and that the UAC erred in reversing the referee’s decision. We agree and reverse.
From March 5, 2003, until March 21, 2003, Belcher worked full-time in the stockroom and receiving department of Astee, a contract manufacturing company. After several weeks, Belcher — who is five feet two inches tall, weighs 110 pounds and is fifty-two years old — found that she was physically unable to perform the work, which required her to lift heavy boxes. She quit her job and sought unemployment. She was awarded benefits on the basis that she quit the job with “good cause” attributable to the employer.
Belcher’s employer, Spherion Atlantic Resources, LLC [“Spherion”],[1] appealed the award. At a hearing before the appeals referee, Belcher testified that when she was hired shé was told she would be in charge of the stockroom and receiving, and was unaware that she would be the only employee in the stockroom. She thought she was being hired as a supervisor because, in her previous employment, she had fourteen years experience in management. . She was unaware the job required her to perform manual labor. She testified that the job involved physically handling bulk supplies and was beyond her physical capabilities. She testified to backaches and bruising caused by her efforts to perform the job. • ■
In his final order, the appeals referee affirmed the initial award. He found as a factual matter that Belcher was physically unable to do the heavy lifting required by her job and that she faced serious physical harm if she continued in her employment. He noted that the employer had not only failed to provide her assistance in performing her duties, but had prohibited male employees from assisting her, which he found “demonstrated a lack of concern for the claimant’s working conditions and safety” and gave her “good cause” attributable to her employer for voluntarily leaving her employment.
Spherion appealed to the UAC, which reversed the award. The UAC apparently found no evidence to support the conclusion that the employer lacked concern for *488 Belcher’s safety, emphasizing that there was no testimony that male employees had been prohibited from assisting Belcher or that a physician advised her to find other, less physically demanding employment. The UAC also found that Belcher had never “asked her supervisor for assistance” and concluded that benefits should be denied because Belcher had failed to expend-reasonable efforts to preserve her employment.
Section 443.101(l)(a), Florida Statutes (2002), provides that individuals seeking unemployment compensation benefits shall be disqualified when they leave employment voluntarily, without “good cause” attributable to the employer. Good cause has been defined as “those circumstances which would compel the average able-bodied, qualified worker to give up his or her employment.” Brown v. Unemployment Appeals Comm’n, 633 So.2d 36 (Fla. 5th DCA 1994). Whether an individual voluntarily left employment for “good cause” is a question of fact to be determined by an appeals referee. See Gfrorer v. Unemployment Appeals Comm’n, 864 So.2d 1290 (Fla. 5th DCA 2004); see also San Roman v. Unemployment Appeals Comm’n, 711 So.2d 93, 95 (Fla. 4th DCA 1998) (“good cause” is mixed question of law and fact or ultimate fact best left to factfinder). The decision made by the appeals referee concerning the existence of “good cause” must be affirmed by the UAC if it is based on competent, substantial evidence and the proceedings complied with the essential requirements of the law. Kloepper v. Unemployment Appeals Comm’n, 871 So.2d 997 (Fla. 5th DCA 2004).
In this case, -the appeals referee found as a factual matter that Belcher was physically unable to do the heavy lifting required by her job and that she faced serious physical harm if she continued in her employment. These findings are supported by competent substantial evidence in the record, in the form of Belcher’s uncontroverted testimony that she was unable to perform her job-and suffered bruises and backaches. They also support the referee’s determination that “good cause” attributable to the employer existed for Belcher to terminate her employment. The physical inability to perform a job constitutes good cause for separation from employment which is attributable to the employer. See Krulla v. Barnett Bank, 629 So.2d 1005 (Fla. 4th DCA 1993); Gottardi v. Joaquin General Distributors, Inc., 618 So.2d 363 (Fla. 3d DCA 1993). Florida courts also recognize that a reasonable fear for one’s personal safety or health is good cause for leaving employment. Spangler v. Unemployment Appeals Comm’n, 632 So.2d 98 (Fla. 5th DCA 1994); Tannariello v. Federation of Public Employees, 437 So.2d 799 (Fla. 4th DCA 1983).
In reaching his holding, the appeals referee admittedly did make a factual finding that was not supported by any evidence— that Belcher’s “physician had advised her to find other, less physically demanding employment.” The UAC was entitled to reject this finding, as it was not supported by any evidence. However, the remaining findings made by the referee — including findings that the job was beyond Belcher’s physical capacity and posed a risk of physical harm to Belcher — were supported by the evidence and, as in Gottardi, support the award of benefits to Belcher.
In reversing the referee’s decision, the UAC relied in part on its conclusion that Belcher failed to make “reasonable efforts to preserve” her employment. ■ The UAC found that the claimant had not asked her supervisor for assistance in lifting packages and that she had not gone to Spher-ion or anyone at Astee above the level of *489 her supervisor to complain about her working conditions. This was not a requirement. Although a “reasonable effort to preserve employment” has . been ■ required in some cases in which the employee had been accused of some misconduct and failed to exhaust available grievance procedures, it logically does not control a case such as this. See Kralj v. Florida Unemployment Appeals Comm’n, 537 So.2d 201 (Fla. 2d DCA 1989); Board of County Commissioners v. Florida Dep’t of Commerce, 370 So.2d 1209 (Fla. 2d DCA 1979).
REVERSED AND REMANDED with directions to reinstate the decision of the appeals referee.
THOMPSON and ORFINGER, JJ., concur. . ,'

. Spherion provided . either ministerial services to Astee or leased Certain employees to Astee. Belcher testified that she was unaware of the relationship with Spherion and thought that she was employed by Astee. She explained that she was hired during an interview at Astee, and her only known supervisor was an Astee employee. Spherion's representative testified that Astee even retained the right to do its own hiring and firing. Astee simply called Spherion to inform them that an employee had been hiréd.