KELLY, Judge.
Everett Humble appeals from the final order of the Unemployment Appeals Commission affirming the appeals referee’s decision disqualifying him from receiving benefits. The Commission erred in affirming because the referee failed to properly apply section 443.101(l)(a)(l), Florida Statutes (2005), in determining whether Humble should be disqualified from receiving benefits. Accordingly, we reverse.
Humble was a fifty-two-year-old former disc jockey collecting unemployment benefits when he decided to investigate a job as a cable installer for Sunshine Installations, Inc. After two days of training, Humble concluded that he was physically unable to perform the work and he left the job. He was disqualified from receiving unemployment compensation benefits on the basis that he went to work for Sunshine and left for reasons not attributable to the employer. Humble appealed the decision.
At the hearing before the appeals referee, Humble testified that Sunshine had never officially hired him. He stated that he had intended to try the job to see if he could perform the work before accepting a position. Humble acknowledged, however, that he had filled out a job application and other paperwork before he started training. Sunshine’s general manager testified that although he did not know the specifics of what had transpired in Humble’s case, company policy required that a person be officially “hired” to begin training so they will be covered by the employer’s workers’ compensation insurance in the event of injury. The manager agreed that the job was strenuous and did not dispute Humble’s assertion that he was physically unable to perform the job. He noted that the installation of cable required climbing ladders and telephone poles, and “lifting upwards of 80 to 100 pounds at any one time throughout the day.” He was sympathetic to Humble’s plight, stating, “I certainly don’t want to see him lose out on any unemployment because he came to work for us for a day.” The manager testified that company records indicated that Sunshine had issued a paycheck to Humble, but he did not know if Humble had ever received or cashed the check.
The appeals referee found that Humble “felt that he was not suited for the job” and quit “due to the strenuous nature of the job.” Noting that he found no evidence that the employer had misrepresented the nature of the job, the referee concluded that Humble “voluntarily quit his job for personal reasons that were not attributable to the employer” and therefore was disqualified from receiving benefits. The Commission affirmed. On appeal, Humble argues that the appeals referee should have found that he left the job for good cause because he was physically unable to perform the work.
In a case similar to this one, Vajda v. Unemployment Appeals Commission, 610 So.2d 645 (Fla. 3d DCA 1992), the claimant lost her job and was receiving unemployment benefits. She obtained another job that was out of her field. While training for the job she concluded that it involved extensive computer work, which she feared would trigger her migraine headaches. She left the job because of her medical condition and sought to have her unemployment benefits reinstated. The appeals referee found that the claimant’s physical problem was a preexisting condition that was not caused by the employer and therefore it was not good cause qualifying the claimant for benefits. The Third *958 District reversed and remanded with directions to reinstate the claimant’s unemployment benefits. The court noted that the claimant had shown “good cause” under the statutory definition which includes “illness or disability of the individual requiring separation from his work.” Id. at 646. See § 443.101(1)(a)(1). The court reasoned: “Under the statute, it is not a matter of assigning blame to the employer. The inquiry is whether there is an illness or disability which makes the employee physically unable to perform the duties of the job.” Id.
Here, Humble testified that he could not lift heavy ladders and climb telephone poles for a living. The manager from Sunshine agreed that the job was strenuous and was akin to a construction job. Although the referee recognized that Humble left the job because he was physically unable to perform the work, the referee rejected Humble’s claim because he determined this was a “personal reason” not attributable to the employer, apparently because the employer had not misrepresented the nature of the job to Humble. The flaw in the referee’s reasoning was in failing to recognize that the statutory definition of good cause does not require that the cause be attributable to the employer when an employee voluntarily leaves because of illness or disability that renders them unable to perform the work. See Stanick v. T & B Metal Works, Inc., 867 So.2d 523 (Fla. 1st DCA 2004) (reversing where the referee analyzed the good cause requirement without acknowledging that good cause statutorily includes illness or disability requiring separation from work). In its order affirming the referee and in its argument to this court, the Commission adopted the referee’s flawed legal analysis of good cause, stating that Humble’s inability to perform the work may have been a good reason to leave the job but it was a “personal” reason not attributable to the employer.
Accordingly, the Commission’s order is reversed and the case is remanded with directions to reinstate the unemployment benefits Humble was receiving before he attempted the job at Sunshine.
Reversed and remanded with instructions.
WALLACE, J., Concurs.
ALTENBERND, J., Concurs with opinion.