SUAREZ, J.
Vanessa Viera (“Viera”) appeals a decision of the Florida Unemployment Appeals Commission holding that she was disqualified from receiving unemployment benefits because she voluntarily left employment without good cause attributable to the employer. We reverse the holding of the Florida Unemployment Appeals Commis *542 sion and find that there was insufficient evidence to support the Commission’s finding that Viera quit the job without good cause attributable to the employer. See Mattice v. State Unemployment Appeals Comm’n, 992 So.2d 428 (Fla. 4th DCA 2008).
Viera worked as an administrative assistant to the valet manager at a janitorial-valet, condominium parking job. Her job was to assign decals and put bar codes on cars entering and leaving the garage in order that a record be maintained. On September 3, 2008, Viera was asked by a co-worker, Michael, to go the garage and pass out registration forms to the occupants of the cars as they drove into the garage to ensure that that they had a decal. Viera contended at the hearing before the appeals referee that she was assigned to a job in an office assigning the bar codes and that she never had gone to the garage to do this job before. On this occasion, she refused to go to the garage because she was feeling ill and the fumes in the garage would have made her feel worse. Viera testified that she advised Michael and the Human Resources Department that she was refusing to go to the garage because of the fumes and that she was feeling ill that day. Mr. Liss, Viera’s supervisor, testified that Viera never informed him that she was ill; however, he did not refute the fact that she was not feeling well on that day or that she had reported this to Michael and Human Resources. The hearing officer considered the evidence presented and the credibility of the witnesses, finding that the testimony of the employer was more credible. The referee found that Viera quit her job without good cause attributable to the employer. The Florida Unemployment Appeals Commission affirmed the referee’s decision.
Whether or not the claimant has left employment for good cause attributable to the employer and is entitled to unemployment compensation benefits is a mixed question of law and fact to the extent that, if competent substantial evidence is insufficient to support a factual finding then, as a matter of law, the unemployment appeals referee’s conclusion cannot stand. Mattice, 992 So.2d at 430-31 (citing Tourte v. Oriole of Naples, Inc., 696 So.2d 1283 (Fla. 2d DCA 1997)). The un-rebutted testimony was that Viera told both Michael and the Human Resources Department that she would not go to work in the garage to pass out registration forms because she was feeling ill and was concerned that the fumes in the garage would make her feel worse. This evidence satisfies the statutory test for good cause for leaving the job. § 443.101(l)(a)l., Fla. Stat. (2010); Humble v. Unemployment Appeals Comm’n, 963 So.2d 956 (Fla. 2d DCA 2007); Vajda v. Fla. Unemployment Appeals Comm’n, 610 So.2d 645 (Fla. 3d DCA 1992).
We conclude that the Viera has presented competent substantial evidence that she left her job for good cause within the meaning of the unemployment compensation statute and is not disqualified from receiving benefits. See Vajda; see also Salinas v. Eastern Aero Marine, 908 So.2d 1169, 1171 (Fla. 3d DCA 2005) (holding that claimant’s refusal to comply with supervisor’s order to perform production work did not constitute misconduct that would preclude award of unemployment compensation benefits, as claimant had previously suffered from allergies from chemicals used in manufacturing department); Delaughter v. Fla. Unemployment Appeals, 847 So.2d 1058, 1058 (Fla. 3d DCA 2003) (reversing because employer’s testimony completely failed to address, much less rebut, claimant’s testimony about the risk of person *543 al injury in delivering a piano); Crosby v. Unemployment Appeals Comm’n, 711 So.2d 260, 262 (Fla. 5th DCA 1998) (holding that if an employee reasonably refuses to perform a required act, the employee is still eligible to receive unemployment compensation benefits); Chery v. Flagship Airlines, Inc., 692 So.2d 213, 214 (Fla. 3d DCA 1997) (“[Ajlthough the employer’s order may be reasonable, if the employee reasonably refuses to perform the required act, the employee is still eligible for unemployment compensation.”).
Reversed.