698 So.2d 1344 (1997)
Nona Grant SMITH, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 96-2769.
District Court of Appeal of Florida, Fifth District.
September 12, 1997.
Nona Grant Smith, Melbourne, pro se.
John D. Maher, Tallahassee, for appellee.
THOMPSON, Judge.
Nona Grant Smith appeals the order of the Unemployment Appeals Commission ("UAC") which affirmed the decision of an appeals referee reversing her unemployment compensation award. We affirm.
Smith was President and CEO of Arcturus, Inc., an insurance agency. She and Theresa O'Brien were the only two shareholders in the company. Under their shareholder agreement, either party could make a tender offer to buy the other's shares at any time. If the offeree rejected the offer, she would then have to purchase the offeror's shares. In that event, the agreement specified that the person whose shares were purchased would have to resign as officer of the company. In December 1995, Smith offered to buy O'Brien's shares. O'Brien declined the offer and, pursuant to the shareholder agreement, purchased Smith's shares for $211,375. Smith resigned as President and CEO, in writing, on 2 February 1996. She subsequently applied for and was deemed entitled to unemployment compensation. Arcturus, Inc. appealed the determination.
At the hearing before an appeals referee, Smith and O'Brien appeared by telephone. Smith testified that she attempted to buy O'Brien's shares because of recurring problems between O'Brien and other company employees. She also testified that she did not interpret the shareholder agreement to require her to completely terminate her employment with the company. Rather, she understood that she only had to resign her position as an officer. Smith stated further that O'Brien did not offer her another position within the company. O'Brien, on the other hand, testified that both parties understood that a resignation under the terms of the shareholder agreement meant a complete severance. She confirmed that Smith was not offered another position. However, she testified, she offered to let Smith purchase her "book of business" so that she could service those accounts after leaving the company. *1345 Smith denied receiving such an offer. The appeals referee determined that Smith voluntarily terminated her employment without good cause attributable to the company and was therefore unentitled to unemployment compensation. The UAC affirmed the referee's decision.
The decision of the UAC may not be disturbed unless it is clearly erroneous and unsupported by competent substantial evidence. SKF Management v. Unemployment Appeals Com'n, 664 So.2d 345 (Fla. 5th DCA 1995). We find no basis on which to reverse the decision. The testimony heard by the referee showed that the agreement between Smith and O'Brien required the resignation of either party upon being bought out. Smith offered to buy O'Brien's shares knowing that if her offer was rejected, she would then have to sell her shares and resign. O'Brien testified that both parties understood that such a resignation would terminate that party's affiliation with Arcturus, Inc. Although Smith's testimony was conflicting, the referee was entitled to, and did, resolve evidentiary disputes in the company's favor. Bell v. Unemployment Appeals Com'n 645 So.2d 152 (Fla. 5th DCA 1994). The evidence therefore supports the referee's legal conclusion that Smith's termination was voluntary and without good cause attributable to Arcturus, Inc.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.