PER CURIAM.
C. Belle Morrow appeals the denial of her claim for unemployment benefits. The appeals referee found that Morrow left her employment for good personal reasons but without good cause attributable to the employer. The referee explained that although Morrow’s brother’s grave illness may have justified her initial decision to leave on the weekend to check on him despite her employer’s refusal to approve her absence, she should have returned to work on Monday after she discovered that her brother’s condition had stabilized. This finding of fact was adopted by the Unemployment Appeals Commission. The commission’s order is entitled to a presumption of correctness. We find no legal errors and Morrow failed to show that the finding of ineligibility was not supported by competent, substantial evidence in the record. Therefore, because Morrow left her job without good cause attributable to her employer, she is not eligible for unemployment benefits. See, e.g., Hartenstein v. Florida Dep’t of Labor and Employment Sec., 383 So.2d 759 (Fla. 2d DCA 1980); Garcia v. AT & T Communications, Inc., 575 So.2d 730 (Fla. 3d DCA 1991); Howlett v. South Broward Hosp. Tax Dist., 451 So.2d 976 (Fla. 4th DCA 1984).
Affirmed.
CAMPBELL, A.C.J., and FULMER and SALCINES, JJ., Concur.