PER CURIAM.
Rupert Lewis appeals the order of the Unemployment Appeals Commission (UAC) which affirmed the denial of unemployment benefits for failure to accept suitable work. We reverse.
Lewis had served for three months . as an employee of Jenasis Structures, Inc. (Jenasis), when he sustained injury to his back while lifting heavy equipment. After several medical examinations, Lewis’ doctor recommended him for light-duty work within specified limitations. In July 1997 Jenasis’ president sent Lewis a letter from its main office in Tampa, advising him that Jenasis had light-duty work available. Lewis reported to his job site in Plant City for light-duty work, but the job foreman assigned him to the same work he was performing prior to his accident — bending, heavy lifting, and climbing. Lewis notified his immediate supervisor, who sent him home. Shortly thereafter, Lewis returned to the job site, but the job foreman did not assign him light-duty work and his supervisor sent him home again. In August 1997 Jenasis’ controller wrote Lewis a letter advising him that Jenasis had light-duty work available at that time, but Lewis did not return to his job site.
In March 1998 Lewis applied for unemployment compensation benefits, which Je-nasis denied. Lewis sought review of the denial of unemployment compensation and the appeals referee affirmed the denial of benefits pursuant to section 443.101, Florida Statutes (1997). The statute, in pertinent part, reads as follows:
443.101 Disqualification for benefits. — An individual shall be disqualified for benefits:
[[Image here]]
(2) If the division finds that the individual has failed without good cause ... to accept suitable work when offered ... such disqualification shall continue for the full period of unemployment next ensuing after he or she has failed without good cause ... to accept suitable work.... The division shall by rule provide criteria for determining the “suitability of work,” as used in this section.
§ 443.101, Fla. Stat. (1997). The appeals referee found that Lewis did not have good cause for refusing to accept suitable work, noting that “the claimant did not make *1209 reasonable efforts to secure light duty work by contacting either the individuals who wrote to the claimant offering him light duty work or by going to the employer’s home office to obtain light duty work.” The UAC affirmed the appeals referee’s order.
The appeals referee’s finding that Lewis refused to accept suitable work by failing to report to either the president or the controller that his job foreman had failed to assign him light-duty work is clearly erroneous. Lewis did not refuse work, but twice attempted to accept it. He also reported the job foreman’s failure to assign light-duty work to his supervisor. Lewis should not be held responsible for Jenasis’ failure to inform anyone at the Plant City job site that he was to be assigned light-duty work. Furthermore, an employer should not be shielded from responsibility to pay unemployment benefits by simply issuing a letter to the effect that it would provide suitable work to an injured employee. Accordingly, we reverse and remand with directions for the UAC to award unemployment benefits.
Reversed and remanded.
PATTERSON, C.J., and PARKER and GREEN, JJ., Concur.