THOMPSON, J.
Dolores Yiannopoulos appeals an order of the Florida Unemployment Commission, which affirmed the decision of the appeals referee finding that she was disqualified from receiving unemployment compensation.
Section 443.101, Florida Statutes, provides that if “the division finds that the individual has failed without good cause ... to accept suitable work when offered ... such disqualification shall continue for the full period of unemployment next ensuing after he or she has failed without good cause ... to accept suitable work.” The referee found that she did not call a potential employer, who had offered her a position, to accept the job offer. Because Yiannopoulos did not accept an offer of suitable work, the referee concluded that Yiannopoulos was disqualified from receiving benefits.
On appeal, Yiannopoulos argues that the record is not clear that she rejected work which was offered. It was undisputed that Yiannopoulos was offered an accounting position, and it was undisputed that she failed to call the potential employer until after her eligibility for benefits was being contested — some four months after the offer was made. It is true that she did not affirmatively reject the offer, but her failure to accept it within a reasonable time should be deemed a rejection.
Furthermore, the referee pointed out tliat Yiannopoulos contended at the hearing that she did not call the employer back because the employer’s manager said she would call Yiannopoulos. On the other hand, the referee pointed out, the manager testified that she told Yiannopoulos to call back after she completed other interviews Yiannopoulos said she intended to pursue. The referee found: “Based on the demean- or of the parties, the referee accepts the testimony of the employer’s witness as more credible.” Where the findings of fact of an appeals referee in an employment compensation case are supported by substantial competent evidence, this court is not in a position to overturn them. Bell v. Unemployment Appeals Comm’n, 645 So.2d 152 (Fla. 5th DCA1994). The referee was entitled to, and did, resolve eviden-tiary disputes in the company’s favor. *1176 Smith v. Unemployment Appeals Comm’n, 698 So.2d 1344 (Fla. 5th DCA 1997).
Yiannopoulos cites Lewis v. Florida Unemployment Appeals Commission, 744 So.2d 1207 (Fla. 2d DCA 1999), in which the claimant was injured on the job and required light-duty work. The main office of the employer informed him that there was light-duty work available, but his immediate superior sent him home because when he arrived at the job site, he was assigned to heavy-duty work. The same thing occurred on another occasion. On appeal, the court held that the claimant was entitled to unemployment compensation because he had tried to accept work. In the instant case, however, Yiannopoulos did not attempt to accept the work offered. Accordingly, the order of the Unemployment Appeal Commission is
AFFIRMED.
GRIFFIN and PLEUS, JJ., concur.