930 So.2d 824 (2006)
TALLAHASSEE PRIMARY CARE ASSOCIATES, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D05-4671.
District Court of Appeal of Florida, First District.
June 6, 2006.
*825 L. Michael Billmeier, Jr., of Volpe, Bajalia, Wickes, Rogerson, Galloway & Wachs, Tallahassee, Attorneys for Appellant.
Louis A. Gutierrez, Senior Attorney, Unemployment Appeals Commission, Tallahassee, Attorney for Appellee.
PER CURIAM.
Tallahassee Primary Care Associates ("Employer") appeals a final order of the Unemployment Appeals Commission ("UAC") affirming a decision awarding Claimant unemployment benefits. Because we find that the UAC's decision is not clearly erroneous, we affirm.
Claimant began working for Employer in February 2004 and was discharged on March 31, 2005, for excessive tardiness and absences. At a hearing to determine Claimant's eligibility for unemployment benefits, the appeals referee found that Claimant received three written warnings during her employment, with the latest warning being issued on January 18, 2005. Two of Claimant's warnings were issued for being tardy three times within a 90-day period, and her third warning was issued for tardiness after an appointment which Claimant had informed Employer was running late. Claimant was also absent in February because her child was sick and was absent March 27 through March 31, 2005, also due to her child's pulmonary illness.
Claimant signed an attendance policy when she began working for Employer. Claimant also signed each written warning that she received, which stated that further incidents of inappropriate behavior could lead to termination; however, Claimant testified that her supervisor told her she could ignore these written warnings. Claimant testified that she did not receive any additional verbal warnings even though she was absent from work after receiving the written warnings.
Claimant's supervisor testified at the hearing that he conducted verbal coaching sessions with Claimant and that he also verbally warned her regarding her absences. Claimant's supervisor also provided a document showing that Claimant used more than her allotted sick time. Her supervisor acknowledged that Claimant called in to work during her final absence, but he was unclear whether this final absence was excused or unexcused. The appeals referee concluded that Claimant was using sick leave and other leave to cover her absences.
The appeals referee found Claimant's testimony to be more credible than Employer's testimony and concluded that Claimant's absences did not constitute misconduct connected with work under section 443.036(29), Florida Statutes (2005). Credibility determinations are within the purview of the appeals referee. Andrus v. Fla. Dep't of Labor & Employment Sec., Div. of Employment Sec., 379 So.2d 468, 470 (Fla. 4th DCA 1980). The appeals referee stated that while Employer made a valid business decision in discharging Claimant, Claimant was not disqualified from receiving unemployment benefits. The UAC affirmed the appeals referee's decision.
On appellate review, the UAC's decision is entitled to a presumption of correctness. Morrow v. Alert Non-Emergency Transport, 725 So.2d 418, 419 (Fla. 2d DCA 1999). This court reviews the UAC's *826 decision to determine whether it is clearly erroneous and whether it is supported by competent, substantial evidence. Smith v. Unemployment Appeals Comm'n, 698 So.2d 1344, 1345 (Fla. 5th DCA 1997).
Courts recognize that excessive, unauthorized absences can constitute misconduct because the absences "presumptively hampers the operation of a business and [are] inherently detrimental to an employer." Tallahassee Housing Auth. v. Fla. Unemployment Appeals Comm'n, 483 So.2d 413, 414 (Fla.1986). However, "[a]bsences that are properly reported to the employer and are for compelling reasons, such as illness, do not constitute misconduct connected with work." Franklin v. Unemployment Appeals Comm'n, 841 So.2d 682, 685 (Fla. 2d DCA 2003) (citing Cargill v. Hill, 503 So.2d 1340, 1342 (Fla. 1st DCA 1987)). "In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment compensation benefits, the statute should be liberally construed in favor of the claimant." Langley v. Unemployment Appeals Comm'n, 444 So.2d 518, 520 (Fla. 1st DCA 1984).
When an employer attempts to prove that an employee was discharged for misconduct connected with work, the employer must present competent, substantial evidence proving that the absences were both excessive and unauthorized. Mason v. Load King Mfg. Co., 758 So.2d 649, 654-55 (Fla.2000). "Unauthorized" means that the absences were unexcused and without the permission of the employer. Id. After the employer has proven that the employee's absences were excessive and unauthorized, the burden shifts to the employee to rebut the presumption that the absences constituted misconduct. Id. at 654.
Here, Employer proved that Claimant's absences were both excessive and unauthorized with the introduction of Claimant's sick leave and vacation records. The appeals referee's conclusion of law that Claimant was using sick leave and other leave to cover her absences is not supported by competent and substantial evidence. While Claimant may have used leave to cover many of her absences, she did not have enough leave time available to cover all absences.
Claimant rebutted the presumption that her absences were misconduct connected with work, testifying that Employer told her she could ignore the written warnings she received; therefore, in finding Claimant's testimony more credible than Employer's, those absences did not count against Claimant. In addition, none of Claimant's other documented or admitted absences constitute misconduct which would disqualify her from receiving unemployment benefits: Claimant testified that her absence in February was due to her sick child, and her final week of absences was also due to her sick child; therefore, these absences were not misconduct connected with work. See Gilbert v. Dep't of Corrections, 696 So.2d 416, 417-18 (Fla. 1st DCA 1997) (holding that the claimant rebutted the presumption that her 23 unscheduled absences were misconduct because of a showing that these absences were caused by domestic violence).
While Employer persuasively argues that the holding in Mason controls, we find the situation here distinguishable. In Mason, the supreme court held that unemployment benefits were properly denied when the employer clearly demonstrated the basis for discharge was the claimant's substantial and excessive unexcused absenteeism, regardless of whether the last incident resulting in discharge was excused. 758 So.2d at 651. Here, not only is Claimant's last absence not misconduct, neither is her February absence, nor some of the absences for which she received written warnings because the appeals referee *827 found that Employer was aware of one of these tardies. Additionally, in Mason, the claimant was suspended for two days after accumulating a specified number of absences and was warned that the next absence would result in termination. Here, Claimant was told she could ignore Employer's written warnings. Further, although Claimant was absent in February, she did not receive any warnings after January 18, 2005. Claimant never suffered any serious consequences for her absences or tardiness until her termination.
We are sympathetic to Employer's argument that an adverse ruling may discourage employers from working with employees on excessive absences and tardiness and may encourage early termination of employees. We find it admirable that Employer said that it worked with Claimant and that it was sympathetic to her situation; however, based on the appeals referee's finding that Claimant's testimony was more credible than Employer's testimony, we are bound to accept Claimant's testimony that the written warnings she received were not serious.
We find that because Claimant's accumulated absences were due to a family emergency and occurred after she was told to ignore Employer's written warnings, they do not constitute misconduct connected with work which would disqualify Claimant from receipt of unemployment benefits. Because the UAC's decision is not clearly erroneous and is supported by competent and substantial evidence, we affirm.
AFFIRMED.
BARFIELD, BROWNING, and THOMAS, JJ., concur.