MARSTILLER, J.
Alliance Business Solutions, Inc. (“Alliance”), an employee leasing company providing outsourced payroll and human resource services to businesses, appeals a final order of the Reemployment Assistance Appeals Commission* (“Commission”) finding former Alliance employee Clarence Thaxton qualified to receive unemployment benefits. At issue are the Commission’s application of section 443.101(10)(b), Florida Statutes (2010), and its finding that Mr. Thaxton did not voluntarily leave Alliance’s employ. We conclude that when Alliance’s employee leasing engagement with Mr. Thaxton’s previous employer ended, section 443.101(10)(b) required Alliance to notify Mr. Thaxton that he must report for reassignment or risk being denied unemployment benefits. The Commission reasonably interpreted the provision to mean that Alliance’s failure to comply with the provision rendered Mr. Thaxton’s leaving involuntary and entitled him to benefits. We therefore affirm the Commission’s order.
From January 2009 to March 2011, Alliance had a contract with Process Masters pursuant to which Alliance acquired all of Process Masters’ employees, including Clarence Thaxton, and leased them back to the company while performing all payroll and related functions. Prior to and during the contract, Mr. Thaxton worked as a mechanic for Process Masters. When the leasing contract ended, he continued to work for Process Masters and again was on its payroll. Process Masters laid him off approximately one month later, and he filed a claim for unemployment benefits.
Mr. Thaxton received a notice of determination denying his claim and stating that he had failed, without good cause, to contact Alliance for another work assignment before becoming reemployed with Process Masters. He therefore had voluntarily quit Alliance for reasons not attributable to the employer. An appeal referee reversed the determination, finding Mr. Thaxton qualified for unemployment eom- *694 pensation because Alliance did not notify him that he had to report for reassignment after the employee leasing contract with Process Masters ended. The Commission affirmed the referee’s decision.
We review the Commission’s order “to determine whether it is clearly erroneous and whether it is supported by competent, substantial evidence.” Tallahassee Primary Care Assoc, v. Fla. Unemployment Appeals Comm’n, 930 So.2d 824, 825-26 (Fla. 1st DCA 2006). Section 443.101(10)(b) provides, in pertinent part:
A temporary or leased employee is deemed to have voluntarily quit employment and is disqualified for benefits ... if, upon conclusion of his or her latest assignment, the temporary or leased employee, without good cause, failed to contact the temporary help or employee-leasing firm for reassignment, if the employer advised the temporary or leased employee at the time of hire and that the leased employee is notified also at the time of separation that he or she must report for reassignment upon conclusion of each assignment, regardless of the duration of the assignment, and that unemployment benefits may be denied for failure to report.
We read this language, as did the Commission, to mean that the question of whether a leased employee like Mr. Thaxton voluntarily quit employment with the leasing company depends on whether he received the required notice both at hiring and at the end of the assignment. If such notice was given, the employee is “deemed to have voluntarily quit employment and is disqualified for benefits.” If, on the other hand, the required notice was not given, the employee is not deemed to have voluntarily quit, and he remains entitled to benefits, assuming there is no other basis for disqualification. Here, the referee found that Alliance failed to give Mr. Thaxton the required notice when the leasing engagement with Process Masters ended. Competent, substantial evidence supports this finding. See generally Howell & O’Neal v. Fla. Unemployment Appeals Comm’n, 934 So.2d 570, 575 (Fla. 1st DCA 2006) (“The appeals referee, as the trier of fact, is privileged to weigh and reject conflicting evidence[.]”). Because Mr. Thax-ton did not receive the necessary notice, he is deemed not to have voluntarily terminated his employment with Alliance. Accordingly, he remains qualified to receive unemployment benefits.
AFFIRMED.
VAN NORTWICK and ROBERTS, JJ., concur.

 Formerly the Unemployment Appeals Commission. See ch. 2012-30, § 2, Laws of Fla. (amending section 443.012(1), Florida Statutes, and renaming the commission).