VAN NORTWICK, J.
Anthony D. Moore appeals a final order of the Reemployment Assistance Appeals Commission affirming the decision of the appeals referee which found that Moore was overpaid $4,740.00 in unemployment compensation benefits. Because the Commission’s order is not supported by competent substantial evidence, we reverse.
Moore was employed as a bartender at a resort from December 2007 through April 2011. As a bartender, part of Moore’s salary was received in the form of tips. The resort pooled the tips of the wait staff, and the process by which those pooled tips were distributed varied among the venues in the resort. "While originally hired as a full-time employee, Moore later worked on-call. Following the loss of his full-time position, Moore sought unemployment compensation benefits and was awarded such. However, the Department of Eco *889 nomic Opportunity, which administers the unemployment compensation program, later determined upon review of material submitted by the employer resort that Moore had not accurately reported his earnings and thus received excessive unemployment compensation benefits from the week ending July 31, 2010 through the week ending April 23, 2011. According to the Department’s determination of Aug. 5, 2011, Moore received $4,740 in excess benefits. Moore appealed that determination. Although the appeals referee noted that Moore had asserted his prior employer had failed to respond to his request to produce weekly pay records, the appeals referee nevertheless affirmed the determination that Moore was overpaid.
Moore thereafter appealed to the Commission, which reversed. The Commission found the information supplied by the employer to be “obviously inaccurate,” and therefore, the appeals referee should not have rejected Moore’s “unrefuted testimony.” The Commission ordered that the matter be reheard by the appeals referee so that the record could be developed as to Moore’s actual weekly earnings. The Commission added that it would be “appropriate for the Department to subpoena the claimant’s actual weekly earnings information from the employer.” If the employer failed or refused to provide the weekly earnings, the Commission instructed it would be “appropriate” for Moore to estimate his weekly earnings based on the biweekly payroll.
There is no indication in the record that the Department sought from Moore’s prior employer the records supporting Moore’s actual weekly earnings. In his second decision, the appeals referee explained that the issue before him was whether the claimant made any fraudulent representation for the purpose of obtaining benefits. The appeals referee noted that the employer had failed to provide Moore with documentation of the earnings received. But, because Moore could not provide a record of earnings, actual or estimated, for the weeks in question,[1] the appeals referee found Moore had not met his burden of proof. As the appeals referee also noted, however, Moore had previously claimed that he received no earnings during the weeks in question. The appeals referee did not explain why these prior estimates of earnings, or lack thereof, were being rejected. Although there was insufficient evidence regarding 21 weeks, according to the appeals referee, it was determined in the second decision of the appeals referee that Moore was only overpaid $1,575.[2] Thus, the prior decision was modified such that the finding of fraud was reversed, and the amount of overpayment was reduced to $1,575 (less $92 determined to be owed Moore).
Moore again appealed to the Commission. In his second appeal, Moore did not argue to the Commission that he was not given proper notice that the issue of total or partial unemployment would be addressed. Instead, he argued that the information previously supplied by the em *890 ployer was obviously inaccurate, as the Commission had previously found, and that his prior representations as to earnings should not have been rejected. Moore stated that he was not able to produce further evidence, because he had none to offer since the employer refused to provide any information to him. Moore further argued to the Commission that the appeals referee had prejudged the case.
Despite the issues on appeal as framed by Moore, the Commission reversed for other reasons. In its order, the Commission noted that the appeals referee had prepared a corrected decision to reflect that the amount overpaid to Moore was $5,775; however, the Commission added, no corrected decision was actually entered and, thus, “the decision’s $1,575 overpayment amount remains uncorrected.” Nevertheless, the Commission reversed the decision of the appeals referee because “procedural error” required yet another hearing before the appeals referee. After observing that Moore could not give further details about his earnings at the previous hearing, the Commission explained that the cause must be remanded again because Moore “was not provided notice that the issue of his total or partial unemployment would be addressed at the supplemental hearing and because the overpayment amount of $1,575 is inconsistent with the referee’s findings of fact and conclusions of law and is obviously incorrect.”
A third evidentiary hearing was held before the appeals referee and, again, Moore could not offer more evidence of his earnings than what was previously offered. The same information from the employer, which the Commission had previously deemed “obviously inaccurate,” was again considered. At the hearing, the appeals referee again acknowledged that Moore had challenged the accuracy of information supplied by the employer. The appeals referee further acknowledged that Moore was not comfortable with that information being used to establish Moore’s pay. Also, in his decision, the appeals referee noted that the information from the employer was hearsay, but that it was being used as it appeared to be “the most complete and consistent record of the claimant’s earnings during the period in question.” The appeals referee therefore determined that Moore was overpaid $4,740. The Commission summarily affirmed.
We review the Commission’s order “to determine whether it is clearly erroneous and whether it is supported by competent, substantial evidence.” Alliance Business Solutions, Inc. v. Fla. Reemployment Assistance Appeals Comm’n, 98 So.3d 692 (Fla. 1st DCA 2012) (quoting Tallahassee Primary Care Assoc. v. Fla. Unemployment Appeals Comm’n, 930 So.2d 824, 825-26 (Fla. 1st DCA 2006)). In affirming the appeals referee based upon the record before us, the Commission erred. The finding that Moore was overpaid $4,740 is not supported by competent and substantial evidence. As initially found by the Commission, the information regarding Moore’s wages supplied by the employer to the Department was not accurate. As the Commission explained in its first order:
While the claimant acknowledged the benefit payment report submitted into evidence accurately reflects the benefit payments he received during the weeks in question, he asserted the weekly earnings information provided by the employer cannot be correct. According to the claimant’s reasoning, if the employer was unable to provide the claimant his weekly earnings information, it could not have had the earnings information available to provide the Department. The claimant testified the number of shifts he worked varied from *891 week to week and his earnings varied from shift to shift, depending on his tips. It is, therefore, virtually impossible that the claimant would have earned the exact same amount in two consecutive weeks. However, as the claimant correctly points out in his request for review, the earnings information reported by the employer reflect [sic] identical amounts every two weeks. Therefore, it is evident that instead of reporting the claimant’s actual weekly earnings, the employer simply reported half the claimant’s bi-weekly earnings in each of the two weeks of a pay period. Based on the claimant’s unrefuted testimony, the earnings information provided by the employer is obviously inaccurate. It is, therefore, inappropriate to reject the claimant’s unrefuted testimony as less credible than the documentary evidence provided by the Department which contains the inaccurate earnings information reported by the employer.
The Commission offered no explanation why it departed from its prior holding that Moore’s unrefuted testimony should not have been rejected. The hearsay evidence supplied at the first evidentiary hearing was appropriately deemed inaccurate by the Commission and, as such, could not later constitute competent and substantial evidence of overpayment.
As there is no record basis for the finding that Moore was overpaid, the Commission’s order affirming a finding of overpayment is REVERSED, and the cause is REMANDED for entry of an order vacating the determination that Moore was overpaid.
ROWE and MARSTILLER, JJ., concur.

. The weeks in question are the weeks ending on: July 31, 2010, Aug. 7, 2010, Aug. 14, 2010, Sept. 4, 2010, Sept. 11, 2010, Sept. 18, 2010, Sept. 25, 2010, Oct. 2, 2010, Oct. 9, 2010, Oct. 16, 2010, Oct. 23, 2010, Oct. 30, 2010, Nov. 6, 2010, Nov. 13, 2010, Dec. 4, 2010, Dec. 11, 2010, Dec. 18, 2010, Dec. 25, 2010, Jan. 1, 2011, Jan. 29, 2011, and April 23, 2011.

. Moore's benefit rate was $275 per week. It is not apparent how the appeals referee reached the figure of $1,575. Nor did the appeals referee explain why the initial figure of $4,740 was no longer valid.